■ ˙ ROYLE REALTY Co., INC., Respondent, v. JOHN C. JUHRING, Appellant. — In an action to foreclose a vendee's lien, defendant appeals from a judgment of the Supreme Court, Westchester County, entered January 13, 1964 on the court's decision and opinion after a nonjury trial: (a) declaring that plaintiff has a lien on the real property contracted to be sold for the sum of $24,681.50, with interest from July 26, 1960; and (b) directing the foreclosure of said lien. Judgment modified on the law and the facts by reducing the amount of the lien to the sum of $23,500, with interest thereon from July 26, 1960. As so modified, judgment affirmed, without costs. The findings of fact contained or implicit in the decision and opinion below which may be inconsistent herewith are reversed, and new findings are made as indicated herein. In our opinion, the vendee was justified in rejecting title because of the inability of the vendor to comply with a representation in the contract of sale concerning the presence of a sewer main on the property being sold. However, we are of the opinion that the sum of $1,181.50, paid by the vendee for a survey, was improperly included in the computation of the amount of the vendee's lien. The contract of sale provided that "All sums paid on account of this contract, and the reasonable expenses of the examination of the title to said premises are hereby made liens thereon". There was no contract provision requiring the vendee to obtain a survey, nor proof that the survey was an essential part of the examination of title. We are of the opinion, therefore, that the vendee may not be afforded a lien for the amount paid for such survey (cf. *Elterman* v. *Hyman*, 192 N. Y. 113; *Bulkley* v. *Rouken Glen*, 222 App. Div. 570, 577, affd. 248 N. Y. 647; *Terzo* v. *Stratford*, 104 N. Y. S. 2d 278, 282). Defendant's other contentions have been examined, and, in our opinion, are without merit. Ughetta, Acting P. J., Kleinfeld, Brennan, Hill and Hopkins, JJ., concur.