OPINION OF THE COURT
Sidney Leviss, J.
In this medical malpractice action, one of the defendant doctors is called as a witness by plaintiff’s attorney as part of plaintiff’s direct case. In the course of the plaintiff’s direct examination of the defendant doctor, defendant doctor is asked if he recognizes a certain medical text as authoritative, in order to lay a foundation for asking the witness a subsequent question as to whether he agrees or disagrees with material in the medical text which may be at variance with the doctor’s treatment.
Defendant doctor’s attorney objects on the ground that plaintiff’s attorney may not impeach the credibility of defendant doctor called as plaintiff’s witness.
The established rule in New York is that medical treatises are not admissible as substantive affirmative evidence of the facts contained therein (Foggett v Fischer, 23 App Div *369 207; Phillips v Roux Labs, 286 App Div 549). For the purpose of impeachment only, a medical expert, including a defendant doctor, may be confronted on cross-examination with a passage from a text which the expert recognizes as authoritative and which is contrary to his testimony (Egan v Dry Dock, East Broadway & Battery R. R. Co., 12 App Div 556). Thus, such a question may only be asked to impeach a witness’ credibility.
In calling an adverse party doctor as a witness, it must be assumed that such adverse party is a hostile witness. Therefore, questioning counsel may ask such a witness leading questions. Under that circumstance, the direct examination, in the discretion of the court, may assume the nature of cross-examination (Becher v Koch, 104 NY 394).
 A party, however, cannot impeach the credibility of a witness he calls (Richardson, Evidence [10th ed], §§ 508, 520). This rule has two exceptions, both found in CPLR 4514. They are, if the witness had made a contradictory statement either under oath or in writing, such contradictory statement may be used for impeachment purposes no matter who calls the witness (CPLR 4514). While "[a] party may not generally impeach, that is, attack the general or specific credibility of his own witness * * * impeachment is not to be confused with 'binding’ testimony”. (Spampinato v ABC Cons. Corp., 35 NY2d 283, 287; citing Becher v Koch, supra.) Thus, while a plaintiff in a medical malpractice action may not impeach the defendant physician by asking a purely impeachment question, neither is the plaintiff "bound” by the answers and may adduce other testimony to show such testimony is inherently improbable and is contradicted by other evidence in the case (Becher v Koch, supra; Title Guar. & Trust Co. v Pam, 232 NY 441).
Plaintiff’s attorney cannot do by indirection what he is prohibited from doing directly, that is, to use a medical text to show a departure from accepted practices by the defendant physician. If the medical text cannot be used as direct evidence of such a departure, it cannot be used to show such a departure by using the direct examination as cross-examination and then proceed to impeach the credibility of the adverse party doctor.
Objection is sustained for the foregoing reasons.