■ ROBERT M. TOMPKINS et al., Respondents-Appellants, v R. B. D. LAND EXCHANGE, INC., Appellant-Respondent. — Cross appeals from a judgment of the Supreme Court in favor of defendant, entered October 3, 1980 in Greene

County, upon a verdict rendered at Trial Term (Miner, J.). Plaintiffs Robert and Joyce Tompkins are the owners of real property in Greene County and defendant R. B. D. Land Exchange, Inc., is a land development corporation headed by its president and sole stockholder, Arthur Rogen, and Ambrose Devaney, the vice-president. On July 9, 1976, after explorative conferences and negotiations, the parties entered into a contract of sale whereby defendant purchased a large tract of land, the exact amount of acreage of which was uncertain. A survey to determine the exact acreage was to be made at defendant's expense. Defendant was to resell plots of a minimum of five acres and plaintiffs were to accept mortgages from the buyers, thus reducing the amount of the purchase-money mortgage owed them by defendant. Defendant began advertising and selling the lots, but in the latter part of 1976, plaintiffs apparently became disenchanted with defendant's selling techniques and, fearful that its representations as to the condition of the land and rights to the road might expose them to litigation, plaintiffs refused to go forward with the sale of the lots and commenced the present action for rescission of the contract. Plaintiffs bottomed their suit on defendant's alleged breach of an implied condition of fair dealing and defendant counterclaimed seeking damages for plaintiffs' alleged breach of the contract. After a 12-day trial, the trial court dismissed plaintiffs' claim, directed a verdict for defendant and sent only the issue of damages to the jury, which responded with a verdict for defendant in the sum of $1. Defendant appeals, contending that the verdict is against the weight of the evidence, that the court's charge was inadequate and that a variety of other errors permeated the trial to such an extent that a new trial is required. Plaintiffs have cross-appealed from the court's direction of a verdict for defendant, but request that the cross appeal be considered only if defendant prevails on its appeal. We first note that while defendant asserts that the Trial Judge erred in his charge with respect to the measure of damages, defendant made no objection to the charge at trial, and we further note that the definition used by the court in defining the "loss of bargain" was the generally accepted one and identical to that used by defense counsel in his summation. Generally, the failure to object to the charge at trial and before the jury retires precludes review (CPLR 4110-b; *Nallan v Helmsley-Spear, Inc.*, 50 NY2d 507, 519, n 7). However, review may be had if the error claimed may be regarded as so "fundamental" in nature as to warrant a new trial (*Pagnella v Action for a Better Community*, 57 AD2d 1076; *Di Grazia v Castronova*, 48 AD2d 249). Even if we assume that the charge was inadequate in that the court should have specifically instructed the jury to consider defendant's claimed loss of profits on resale, an assumption of questionable validity, no fundamental error is involved. We also find defendant's contention that the verdict was against the weight of the evidence to be without merit. Permissible for inclusion in the award for damages, as indicated by the Trial Judge, were the necessary expenses incurred by defendant in the execution of the contract such as title examination and attorney's fees (see *Northridge v Moore*, 118 NY 419). While survey expenses are not usually considered to be required to examine title (see *Royle Realty Co. v Juhring*, 21 AD2d 911), they are allowable here because the contract specifically required defendant to make a survey. At first glance, upon considering the testimony of defendant's president to the effect that the legal fees were $1,200 and that title and survey expenses were $6,600, the $1 verdict seems ludicrous. However, close scrutiny of the record reveals otherwise. In testifying as to the expenses for survey work, the president was unable to say how they were paid, but finally testified that the surveyor was given a real estate mortgage in payment but was unable to identify the property or its location. As to the attorney's fees, he proffered a ledger, but later readily

conceded that the amount stated included legal fees paid for other legal services totally unrelated to the subject contract. This and the remaining testimony on the expenses were so infected with doubt and uncertainty as to justify the jury's rejection of defendant's claim for these damages. Any fair interpretation of the evidence does not so preponderate in defendant's favor as to justify disregarding the verdict (*O'Boyle v Avis Rent-A-Car System*, 78 AD2d 431, 439). To conclude that a jury verdict is not supported by sufficient evidence there must be no valid line of reasoning and permissible inferences which could possibly lead rational people to the conclusion reached by the jury on the basis of the evidence presented at trial (*Cohen v Hallmark Cards*, 45 NY2d 493). We have examined defendant's remaining contentions and find them to be without substance. Judgment affirmed, with costs. Mahoney, P. J., Sweeney, Main, Mikoll and Weiss, JJ., concur.