OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Defendants’ contention that the jury’s answers to the interrogatories submitted to them were inconsistent in that its finding of misuse with respect to strict products liability *939 negated foreseeability of the necessity to warn with respect to negligence liability was not raised until its posttrial motion for judgment notwithstanding the verdict and, therefore, is not preserved for review (Barry v Manglass, 55 NY2d 803, 806). Their further claim of inconsistency in that as charged failure to warn was an element of both causes of action is negated by the charge on strict liability which in its concluding portion stated four elements required to be found before the toaster could be found defective using the letters (a), (b), (c) and (d) to separate them but used no disjunctive. Thus defendants may have been found negligent for failure to warn as to a foreseeable use, but not strictly liable because one of the other three elements of liability was not proved. That the word "or” had been used in an earlier portion of the charge in defining a defective product does not require a contrary conclusion, for we cannot assume that the jury was more sensitive to that one word in the earlier portion of the strict liability charge than to the summation of its elements given at its conclusion.
Defendants also argue that there was insufficient evidence of negligence to permit submission of the issue to the jury and that plaintiffs mother’s failure to read the instruction booklet was a supervening cause of plaintiffs injury. Both were questions for the jury on the evidence presented.
Judges Meyer, Simons, Kaye, Alexander, Titone and Hancock, Jr., concur; Chief Judge Wachtler taking no part.
Order affirmed, with costs, in a memorandum.