■ MIMI MAKOVITZKY, Appellant, et al., Plaintiff, v ANTHONY J. SPATARO et al., Respondents.—In a medical malpractice action to recover damages for personal injuries, etc., the plaintiff Mimi Makovitzky appeals from a judgment of the Supreme Court, Nassau County (Morrison, J.), entered November 20, 1986, which is in favor of defendant and against her, upon a jury verdict.

Ordered that the judgment is affirmed, with costs.

The plaintiffs' complaint is based on the defendant's alleged failure to follow accepted medical procedures upon learning of her "dropped foot". The plaintiff Mimi Makovitzky contends that she called the defendant Long Island Orthopedic Group, Inc. (hereafter LIOG) approximately one week after being examined by the defendant Dr. Spataro, who was a member of LIOG, and told them that her foot was "not working". She was unable to reach Dr. Spataro personally so she left a message with a woman at LIOG. Later that day a woman from LIOG allegedly called and told her not to worry, to stay in bed and wait for her next appointment scheduled for January 31, 1979. Testimony by Mrs. Makovitsky's experts established that the proper medical procedure would have been to examine the appellant at the time of her alleged telephone call and consider hospitalization.

The trial court submitted four interrogatories to the jury. The first two were objected to by the appellant after the jury

rendered its verdict. The appellant contends that the trial court misstated her testimony in posing the interrogatories to the jury. Specifically, the appellant argues that she never told the employee of LIOG that the pain in her leg had decreased markedly.

Generally, the failure to object to the charge at trial and before the jury retires precludes review *(see,* CPLR 4110-b). However, review may be had if the error claimed may be regarded as so "fundamental" in nature as to warrant a new trial *(see, Tompkins v R. B. D. Land Exch.,* 89 AD2d 698; *Caceres v New York City Health & Hosps. Corp.,* 74 AD2d 619). While it is true that the first interrogatory contained a phrase that did not appear in the appellant's testimony regarding her telephone call to LIOG, nevertheless, the interrogatories accurately paraphrased her testimony. As a consequence, the error was not of a fundamental character justifying the invocation of our interest of justice jurisdiction *(see, Saleh v Sears, Roebuck & Co.,* 119 AD2d 652, *lv denied* 68 NY2d 611). Kunzeman, J. P., Eiber, Sullivan and Balletta, JJ., concur.