■ EDWARD H. BOOTH, Respondent, v J. C. PENNEY COMPANY, INC., Appellant.—Judgment, Supreme Court, New York County (Irma Vidal Santaella, J.), entered January 12, 1990, which, upon a jury verdict in favor of plaintiff, awarded damages in the sum of $349,341.62, unanimously reversed, on the law, the facts and in the exercise of discretion, and the matter is remitted for a new trial, without costs.

Plaintiff brought this action to recover damages for personal injuries sustained on June 11, 1983 when he fell from a scaffold while performing plumbing work on defendant's premises located at 53rd Street and Sixth Avenue. After plaintiff was awarded partial summary judgment on the issue of liability, the matter proceeded to trial on the issue of damages.

The record reveals that plaintiff lost consciousness after falling from the scaffold and suffered fractures to three spinal

vertebrae, a compound fracture of the left thumb and lacerations to his thumb, both legs, face and head. He also suffered a herniated lumbar disc. At the time of the accident, plaintiff was 40 years old. After missing some 15 weeks of work, plaintiff became a plumbing instructor as he was no longer able to perform the heavy labor required in his previous employment.

Prior to submitting the case to the jury, the court showed counsel for both sides the verdict sheet it intended to provide the jury. Counsel for defendant objected to that portion of the verdict sheet which permitted the jury to return a verdict for permanency of injury on the ground that permanency of injury was not a separate item of damages and, further, on the ground that this portion of the verdict sheet duplicated that portion of the verdict sheet which permitted the jury to award damages for past pain and suffering. The court overruled the objection and the jury awarded plaintiff damages in the amount of $100,000 for past pain and suffering, $225,000 for permanency of injury, $13,890.74 for medical expenses and $7,000 for loss of earnings.

We agree with defendant that the trial court erred in submitting the verdict sheet to the jury since the verdict sheet, when coupled with the court's charge, impermissibly allowed the jury to infer that they could award damages for past pain and suffering from the date of the accident to the date of the verdict and permanent damages from the date of the accident through the remaining expected life span of plaintiff.

To determine the propriety of a verdict sheet, the interrogatories must be examined in the context of the court's charge (see, Grzesiak v General Elec. Co., 68 NY2d 937; Rubin v Pecoraro, 141 AD2d 525). The first two questions on the verdict sheet submitted to the jury asked:

"1. What amount do you award to plaintiff Edward H. Booth for pain and suffering for injuries sustained from June 11, 1983 to the present as a consequence of his accident?

"2. What amount do you award to plaintiff Edward H. Booth for permanency of injury he sustained as a consequence of his accident?"

In its charge on permanency of injury, the court instructed the jury that "[i]f you find that any of plaintiff's injuries are permanent, you must make such allowance in your verdict as the circumstances warrant, taking into consideration the period of time that has elapsed from the date of the injury to

the present time, and the period of time plaintiff can be expected to live."

The verdict rendered by the jury awarded $100,000 under the first interrogatory and $250,000 under the second. However, the second interrogatory failed to specify the number of years over which the award of damages was intended to provide compensation as required by CPLR 4111 (f). That section provides that in specifying each element of damages, the jury must further specify the amounts "intended to compensate for damages that have been incurred prior to the verdict and amounts intended to compensate for damages to be incurred in the future."

While the first interrogatory properly asked the jury to determine the amount to be awarded plaintiff for past pain and suffering from the date of the accident to the date of the verdict, the second interrogatory asked the jury to determine the amount to award plaintiff for permanency of injuries instead of asking how much to award plaintiff for future pain and suffering from the date of the verdict to the date plaintiff could be expected to live. Any confusion as to the time element was exacerbated by the court's charge which instructed the jury that "permanence" means from the date of the injury to the time plaintiff could be expected to live. Therefore, the jury's award of damages under the second interrogatory quite possibly overlapped and was duplicative of its award of damages under the first interrogatory.

Judicial intervention into a special verdict is authorized where there is substantial confusion in reaching a verdict (Wingate v Long Is. R. R., 92 AD2d 797). The ambiguity in the verdict sheet was brought to the court's attention before the jury was discharged and could have been corrected or at least clarified at that time (supra). Since the verdict sheet was, on its face, "unclear and confusing so as to create an issue as [to the] precise amount the jury intended to finally award the plaintiff", a new trial is ordered (Wingate v Long Is. R. R., supra, at 798; Moore v Bohlsen Assocs., 141 AD2d 468). Concur —Rosenberger, J. P., Asch, Kassal, Wallach and Smith, JJ.