■ CHARLES AZZUE, Appellant, v GALORE REALTY, INC., Doing Business as HWA YUAN RESTAURANT, et al., Respondents. —Judgment, Supreme Court, New York County (Loren Brown, J.), entered January 18, 1991, which, upon a jury verdict, found in favor of defendants, dismissing the complaint, unanimously affirmed, without costs.

Plaintiff alleged that he sustained an ear injury as a result of a fireworks explosion in front of defendant restaurant located at 40 East Broadway during celebration festivities of the Chinese New Year in 1988. Plaintiff was an invited guest at a party given at the restaurant by defendant Chen-Lieh Tang, a corporate officer of the restaurant.

Contrary to plaintiff's contention, he was not entitled to a directed verdict on the ground that defendants admittedly possessed fireworks without having obtained the requisite permit *(see,* Penal Law § 405.00). Having failed to move for a directed verdict on the issue of liability in this bifurcated trial, plaintiff must be deemed to have admitted that an issue of fact was presented for determination by the jury. *(Gutin v Mascali & Sons,* 11 NY2d 97, 98.)

In any event, a directed verdict would have been unwarranted, as an issue of fact existed as to whether defendants' failure to obtain a fireworks display permit was a proximate cause of the events which produced the claimed injury. *(Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, *rearg denied* 52 NY2d 784, 829.) Mere violation of the statute does not give rise to an inference of negligence without proof that a party has sustained injury proximately caused by the breach. *(Brown v Two Exch. Plaza Partners,* 76 NY2d 172.) Since the jury's verdict is adequately supported, we will not disturb it. *(Niewieroski v National Cleaning Contrs.,* 126 AD2d 424, *lv denied* 70 NY2d 602.)

Plaintiff is not entitled to a new trial simply because the trial court refused to separately charge statutory liability and common law negligence. Examination of the subject interrogatory, to which plaintiff did not except, in the context of the court's charge indicates that the jury could not have been substantially confused so as to be unable to reach a proper determination upon adequate consideration of the evidence. *(Cf., Booth v Penney Co.,* 169 AD2d 663, 665.)

We have considered plaintiff's remaining claims and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Kupferman, Ross and Smith, JJ.