■ MARY SZEZTAYE et al., Appellants, v CARMINE LAVACCA et al., Respondents

Plaintiff Mary Szeztaye and her daughter were passengers in a taxicab operated by defendant Carmine LaVacca and owned by codefendant Dan's Taxi, Inc., which was involved in an accident with a vehicle allegedly owned and operated by codefendant TNT Skypack Courier Service (TNT). Plaintiff claimed that one of TNT's vehicles twice rear-ended the taxicab in which she was riding, causing her to later develop permanent disabling injuries. Throughout the trial the identity of the offending vehicle was hotly contested. Ultimately, the jury, in response to the first two general interrogatories, determined that defendants were not negligent. The jurors failed to answer the fourth and last interrogatory, which inquired "was defendant TNT Skypack the owner of the van which struck the cab being driven by Carmine LaVacca on October 19, 1984?"

To determine the propriety of a verdict sheet, the interrogatories must be examined in the context of the court's charge *(Grzesiak v General Elec. Co.,* 68 NY2d 937; *Rubin v Pecoraro,* 141 AD2d 525). Examination of the court's charge and the subject interrogatories, whose order of consideration plaintiff did not except to, indicates that the jury could not have been

substantially confused so as to be unable to reach a proper determination upon adequate consideration of the evidence *(see, Azzue v Galore Realty,* 172 AD2d 467, *lv denied* 78 NY2d 856). While it may have been better practice had the court placed consideration of the interrogatory pertaining to the ownership of the vehicle/van before the interrogatory in respect to negligence, no basis exists to warrant a finding of juror confusion or inconsistency in the verdict.

Bifurcation of the trial was not improper as the issue of damages was clearly not intertwined with the issue of liability and nothing in the record indicates plaintiff's injuries were probative of how the accident occurred or the identity of the second vehicle *(see, Berthoumiex v We Try Harder,* 170 AD2d 248, 249). Plaintiff failed to avail herself of the court's offer to rule on the admissibility of medical evidence relating to the credibility of a witness' testimony as the need arose during trial, and as such, belies the claim that she was denied opportunity to establish liability in this trial.

We have considered plaintiffs' other arguments and find them to be without merit. Concur—Murphy, P. J., Sullivan, Ellerin, Ross and Kassal, JJ.