■ JANETTE GONZALEZ, Respondent, v STANLEY HANDWERGER et al., Appellants.—Judgment, Supreme Court, Bronx County (David Levy, J., and a jury), entered November 23, 1990, in favor of plaintiff and against defendants in the amount of $91,819.86, inclusive of interest and costs, unanimously affirmed, with costs.

Plaintiff, a tenant in premises owned and operated by defendants, was allegedly injured when, painting her bathroom wall, a three-step metal stepladder on which she was standing slipped into a depression in the floor. The ladder hit the sink and broke apart, causing plaintiff to lose her balance and fall, gashing her leg on the cut, jagged edge of the sink. Plaintiff received 35 stitches in her leg, and alleges that she continues to suffer pain. The jury found her damages to be $127,000, but also found her 30% comparatively negligent.

The court's instruction on negligence correctly conveyed the applicable legal principles (see, Daughtery v City of New York, 137 AD2d 441). The concept of proximate cause was aptly conveyed by the instruction that the allegedly defective conditions on the premises had to be a "substantial cause" of plaintiff's injuries. While the court's interrogatory and charge were couched in terms of whether defendants were "responsible for the accident", as opposed to whether they were "negligent", the charge nevertheless adequately conveyed the correct legal principles. The interrogatory, standing alone, could have been misinterpreted, but not when viewed in the context of the charge (see, Booth v Penney Co., 169 AD2d 663).

Defendants also contend that the verdict was against the weight of the evidence, in that the accident must have been

caused by plaintiff's loss of balance and nothing else. However, plaintiff's testimony that the cracked concrete caused the ladder to shift into the depression in the floor, and then to hit the sink and break, sufficed to raise a question of fact for the jury as to whether the fall was caused by a defective floor.

Trial counsel admitted that the claim of a defective floor was known at the time of plaintiff's deposition, 1½ years prior to the trial. Thus, there was no error in conforming the pleadings to the proof in this regard. Concur—Murphy, P. J., Carro, Milonas, Asch and Kassal, JJ.