■ In the Matter of EIGHTH JUDICIAL DISTRICT ASBESTOS LITIGATION. MARIE G. GRAM, Individually and as Executrix of JAMES R. GRAM, Deceased, Respondent-Appellant, v ACANDS, INC., et al., Defendants, and KEENE CORPORATION, Appellant-Respondent. (Appeal No. 1.) [602 NYS2d 452] —Judgment unanimously affirmed with costs to plaintiff. Memorandum: Contrary to defendant Keene Corporation's contentions, we conclude that plaintiff Borucki presented evidence sufficient to support the jury's verdict that her decedent was partially disabled from an asbestos-related condition at the time it was diagnosed that he was suffering from lung cancer and that the trial court adequately instructed the jury on the issue of proximate cause.

The allegedly improper summation comments of plaintiffs'

counsel do not require reversal. Defendant Keene did not object to several of the alleged improprieties, and those objected-to comments were arguably within the range of fair comment or were the subject of adequate curative action by the trial court. In sum, the comments were not so egregious or prejudicial as to compel the granting of defendant's motion for a mistrial.

The trial court did not abuse its discretion in permitting plaintiffs, during cross-examination of a defense witness, to elicit an expert opinion from that witness (see, *Nicolla v Fasulo,* 161 AD2d 966, 968) or in precluding defendant Keene from introducing interrogatory answers submitted by codefendants to prove Keene's cross claims against those codefendants (see, CPLR 3117 [a] [2]; 3131; *State Univ. Constr. Fund v Kipphut & Neuman Co.,* 159 AD2d 1003, 1005). Further, because issues of The Asbestos Workers Magazine were proffered for the truth of matters asserted therein, those materials constituted hearsay, and the trial court properly precluded defendant Keene from introducing those materials into evidence.

Lastly, the trial court properly denied plaintiff Gram's posttrial motion to set aside a portion of the verdict apportioning liability. That portion of the verdict was consistent with an earlier order of the court resolving that issue. (Appeals from Judgment of Supreme Court, Erie County, Notaro, J.—Products Liability.) Present—Denman, P. J., Green, Balio, Boomer and Boehm, JJ.