◼ NELISSA GARCES, Appellant, v HIP HOSPITAL, INC., et al., Respondents. [608 NYS2d 237] —In a medical malpractice action, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Bellard, J.), entered June 4, 1991, which, upon a jury verdict in favor of the defendants and against her, dismissed the complaint.

Ordered that the judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

Contrary to the plaintiff's claim, the Supreme Court did not unduly interfere with the presentation of the case or unfairly comment on its merits. In any event, the plaintiff failed to object or to request a curative instruction on most of the comments complained of on appeal, and in other instances, the challenged comments were outside the hearing of the jury or cured by the court's instructions (see, Matter of Eighth Judicial Dist. Asbestos Litig., 197 AD2d 901; Berthoumieux v We Try Harder, 170 AD2d 248, 249; Accardi v City of New York, 121 AD2d 489, 491).

Once the plaintiff's expert denied that an electronystagmography test (hereinafter ENG) was warranted to determine whether the infant's deafness was caused by gentamicin, the Supreme Court properly allowed defense counsel to cross-examine the plaintiff's expert on his prior recommendation, in another case, that an ENG should be conducted to determine whether gentamicin caused that child's deafness (see, Larkin v Nassau Elec. R. R. Co., 205 NY 267, 268-269; see also, People v Watkins, 157 AD2d 301, 312-313; Richardson, Evidence § 501, at 486-487 [Prince 10th ed]). The Supreme Court's decision to preclude rebuttal testimony on the contents of a 1987 adverse drug reaction report was also proper, since the report was irrelevant to the prevailing standards and the defendants' knowledge of any adverse effects of gentamicin on a fetus at the time of the treatment (see, Johnson v Yeshiva Univ., 42 NY2d 818; Koller v Manhattan Eye, Ear & Throat Hosp., 168 AD2d 671, 672; Schiffman v Hospital for Joint Diseases, 36 AD2d 31, 33, n 1; see also, Bard, New York Medical Malpractice § 24.04, at 24-30 [rev ed 1989]). The Supreme Court also properly allowed a defense physician to testify in the interest of justice and for good cause shown, even though his report was not timely exchanged prior to trial (see, 22 NYCRR 202.17 [h]; see also, Putchlawski v Diaz, 192 AD2d 444).

Finally, the Supreme Court's charge to the jury was not prejudicial, and on the whole, was proper with respect to the issues of proximate cause (see, Grzesiak v General Elec. Co., 68 NY2d 937, 939; Gonzalez v Handwerger, 180 AD2d 411; Azzue v Galore Realty, 172 AD2d 467; Booth v Penney Co., 169 AD2d 663), forseeability (see, PJI 2:12, at 131), informed consent (see, Bernard v Block, 176 AD2d 843, 848; Cummings v Fondak, 122 Misc 2d 913, 918-919), and the evidentiary value of the Physicians' Desk Reference (see, Nicolla v Fasulo, 161 AD2d 966,

968; *Rosario v New York City Health & Hosps. Corp.*, 87 AD2d 211, 214-215; *Ciaccio v Housman*, 97 Misc 2d 367, 369; PJI 1:91, at 65 [1992 Supp]). Balletta, J. P., Santucci, Krausman and Florio, JJ., concur.