■ DONALD PLUNKETT et al., Respondents, v EMERGENCY MEDICAL SERVICE OF NEW YORK CITY et al., Respondents. NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Third-Party Plaintiff-Respondent-Appellant, v NEW YORK CITY HOUSING AUTHORITY, Third-Party Defendant-Appellant-Respondent. [651 NYS2d 462] —Order, Supreme Court, Bronx County (George Friedman, J.), entered March 2, 1995, which granted plaintiffs' motion to set aside a jury verdict, returned on March 8, 1994, in favor of the defendants and third-party defendant, and which ordered a new trial, on the ground that the verdict sheet and jury charge by the late Philip Modesto, J. on the issue of proximate cause was confusing, unanimously reversed, on the law, without costs, the motion is denied and the jury's verdict is reinstated.

This personal injury and wrongful death action was brought by the estate of a deceased Housing Authority police officer and another officer who survived a collision between a marked Housing Authority patrol car and a New York City Emergency Medical Service (EMS) ambulance near Tremont Avenue in the Bronx. The evidence established that the ambulance was traveling northbound on the Grand Concourse at approximately 20 miles per hour in the far left lane, and as it attempted to make a left hand turn, it collided with a police car which was attempting to pass it on the left. The police car was one of a number that apparently were involved in a chase. It was traveling at about 70 miles per hour in a 30 mile per hour zone, and had changed lanes in order to pass the ambulance on its left side.

At trial, plaintiffs sought to show that the ambulance was driven in violation of EMS regulations and Vehicle and Traffic Law provisions, in that it was being operated as an emergency vehicle without having been authorized to do so. The jury returned a unanimous verdict in favor of the defendants, specifically finding that the ambulance driver had not violated the Vehicle and Traffic Law, but had failed to comply with

certain provisions of the EMS operating guide. The jury further found that such failure was not a proximate cause of the accident. Plaintiffs made an oral application to set the verdict aside based upon confusing instructions, and the court ordered that the parties brief and submit their positions for consideration. Upon receipt of these submissions, the Judge informally indicated his opinion that the motion should be denied, but he passed away before a determination was made.

In the circumstances presented, it was not error for the successor Judge to consider the motion to set aside the verdict. Since purely legal questions were involved, all discussion was recorded in the minutes, and the successor Judge was not called upon to weigh conflicting testimony or assess credibility, Judiciary Law § 21* would not preclude its reconsideration. Furthermore, CPLR 9002 does not require denial of the motion, based upon the late Judge's informal preliminary opinion, as that opinion was not a decision or determination as defined by that section.

On the merits, although an objection to the use of the language "proximate cause" was preserved by timely objection prior to deliberation (CPLR 4017, 4110-b; *cf., Grzesiak v General Elec. Co.*, 68 NY2d 937), the Supreme Court erred in setting aside the verdict based upon the purported confusion caused by the use of this term on the verdict sheet (*Rubin v Pecoraro*, 141 AD2d 525). The propriety of a verdict sheet must be examined within the context of the charge as a whole (*see, Grzesiak v General Elec. Co., supra*; *Szeztaye v LaVacca*, 179 AD2d 555), and here the court's instructions appropriately conveyed to the jury that "proximate cause" as applied to a General Municipal Law § 205-e claim, requires a reasonable connection between a violation and injury, rather than the more stringent substantial connection required in a general negligence case (*cf., Mount Vernon Fire Ins. Co. v Trans World Maintenance Serv.*, 169 AD2d 519, 520 [ambiguous instructions warranted setting verdict aside]; *Booth v J. C. Penney Co.*, 169 AD2d 663, 664 [same result with ambiguous verdict sheet]). Since the jury could reasonably have found, upon the evidence presented at trial and consistent with the court's charge as delivered, that although the ambulance had violated EMS guidelines, this violation was not reasonably connected to the collision which took place, "the successful party [here, defendants] [should be] entitled to the presumption that the jury adopted that view" (*Koopersmith v General Motors Corp.*,

---

* Judiciary Law § 21 precludes a Trial Judge from determining a motion as to which he or she has not heard the oral arguments.

63 AD2d 1013, 1014, *lv denied* 46 NY2d 705; *Favier v Winick*, 212 AD2d 755; *Rosas v Ishack*, 219 AD2d 633; *Azzue v Galore Realty*, 172 AD2d 467, *lv denied* 78 NY2d 856).

Parenthetically, we note that the enactment of chapter 703 of the Laws of 1996, which, *inter alia*, expands the statutory cause of action for cases brought under General Municipal Law § 205-e and eliminates the "firefighter's rule" as a defense to an injured plaintiff's common-law negligence claim, has no effect on the issues raised before us at this time.

We have considered and rejected the parties' additional claims for affirmative relief. Concur—Milonas, J. P., Rosenberger, Rubin, Kupferman and Tom, JJ. [*See,* 165 Misc 2d 418.]