■ KEVIN ELLIOTT, Respondent, v CITY OF NEW YORK et al., Appellants. [699 NYS2d 395] —Judgment, Supreme Court, Bronx County (Alan Saks, J., and a jury), entered on or about July 28, 1998, *inter alia*, finding defendants 100% liable for plaintiff's injuries, and awarding plaintiff damages, and order, same court and Justice, entered March 29, 1999, which denied defendants' motion to vacate the judgment, unanimously modified, on the facts, to direct a new trial on the issue of future lost earnings only, and otherwise affirmed, without costs, unless, plaintiff stipulates, within 30 days of the date of this order, to a reduced award for future lost earnings, before structuring, of $600,000 and to entry of an amended judgment in accordance therewith.

The trial court correctly held that defendants' failure to provide bleacher seating with a side guardrail, as required by the Building Code (Administrative Code of City of NY § 27-531 [a] [8] [d]), rendered the bleachers unsafe as a matter of law (*see, Martin v Herzog*, 228 NY 164; *Guzman v Haven Plaza Hous. Dev. Fund Co.*, 69 NY2d 559, 565, n 3; *cf., Juarez v Wavecrest Mgt. Team*, 88 NY2d 628, 645), and then correctly left it to the jury to decide whether such unsafe condition proximately caused plaintiff's injuries and, if so, whether any comparative negligence contributed thereto (*see, Azzue v Galore Realty*, 172 AD2d 467, *lv denied* 78 NY2d 856).

The jury's findings that plaintiff's injuries were proximately caused by the absence of a guardrail, and that no negligence on plaintiff's part contributed to his injuries, turned largely on credibility, and are not against the weight of the evidence (*see, Nicastro v Park*, 113 AD2d 129, 134-135).

We reject defendant's argument that because plaintiff never instituted a CPLR article 78 proceeding challenging his termination as a probationary police officer, the trial court should not have permitted the jury to determine that he was dismissed from the police force because of the injuries sustained in this accident, and to make awards for past and future lost earnings on the basis of that finding. Plaintiff is not

challenging his termination, and an issue of fact as to whether his termination was based on his performance or the injuries he sustained in this accident was properly submitted to the jury. We find, however, the award for future lost earnings excessive to the extent indicated. We have considered defendants' remaining contentions and find them unpersuasive. Concur—Ellerin, P. J., Nardelli, Williams, Rubin and Andrias, JJ.