KEVIN ELLIOTT, Respondent, v CITY OF NEW YORK et al., Appellants. [794 NYS2d 325]—

Judgment, Supreme Court, Bronx County (Bertram Katz, J.), entered July 10, 2003, upon a jury verdict in favor of plaintiff and against defendants in an action for personal injuries, unanimously reversed, on the law, without costs, and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint.

Plaintiff alleges that he was injured when he fell to the ground while attempting to descend from bleachers by a baseball field at a public high school. The only evidence claimed to support the jury's finding that the bleachers were not reasonably safe is the bleachers' lack of guardrails. At trial, plaintiff argued that defendants, in failing to equip the bleachers with guardrails, violated a provision of the New York City Building Code requiring bleacher seating in "assembly spaces" to have guardrails (Administrative Code of City of NY § 27-531 [a] [8] [d]). At the close of plaintiff's evidence, defendants moved for a trial order of dismissal on the ground that the evidence established that section 27-531 did not apply to the bleachers in question. The

trial court denied this motion, and subsequently instructed the jury that, if defendants were found to have violated section 27-531, the violation could be considered as some evidence of negligence. The jury returned a verdict for plaintiff, and defendants have appealed from the ensuing judgment. We now reverse and dismiss the complaint on the ground that plaintiff, by reason of his failure to present sufficient evidence to support a finding that section 27-531 applied to the bleachers in question, failed to make out a prima facie case against defendants.

As previously noted, section 27-531, by its terms, applies only to seating in "assembly spaces." Section 27-531 is part of subchapter 8 of the Building Code, which, pursuant to Administrative Code § 27-523, incorporates by reference the definitions set forth in subchapter 2 of the Building Code. The definitional section of subchapter 2 (§ 27-232) provides that the term "assembly space" means, in pertinent part, "[a]ny part of a *place of assembly*, exclusive of a stage, that is occupied by numbers of persons during the major period of occupancy" (emphasis added). The term "place of assembly" is, in turn, defined by section 27-232, in pertinent part, as "an outdoor space in which two hundred or more persons gather for any of the above reasons [including recreation] or which is designed for use by two hundred or more persons gathered for any of the above reasons."[1]

Plaintiff presented no evidence that would support a finding that there was seating for 200 or more persons at the baseball field where the incident occurred. Indeed, it appears from the record that there was only one small set of bleachers facing the baseball field, which bleachers, by the estimation of plaintiff's expert witness, had a capacity of less than 100 people.[2] Accordingly, plaintiff failed to raise a jury question as to whether section 27-531 applied to the subject bleachers. Since, as previously noted, the alleged violation of section 27-531 was the sole evidence of negligence in plaintiff's case, the trial court erred in denying defendants' motion to dismiss the complaint at the close of plaintiff's evidence.

We note that the doctrine of law of the case does not preclude defendants' argument that section 27-531 did not apply to the

1. Since it is undisputed that the bleachers in question were located outdoors, it is unnecessary to consider the portion of the "place of assembly" definition that applies to indoor locations.

2. We reject plaintiff's contention that the seating provided at the softball field and the more capacious seating provided at the same school's football field collectively constitute one "place of assembly" within the meaning of the Building Code.

bleachers in question. In reversing plaintiff's prior judgment and ordering a new trial, the Court of Appeals declined to consider defendants' argument concerning the applicability of section 27-531 on the ground that such argument had not been preserved for review on that appeal (95 NY2d 730, 737 [2001], *revg* 267 AD2d 62 [1999]). Since both prior appellate decisions were rendered on the same record, the argument concerning section 27-531's applicability was unpreserved as a legal question for this Court's review on the prior appeal, just as it was unpreserved for review on the ensuing appeal to the Court of Appeals. Accordingly, this Court's decision on the prior appeal did not preclude defendants from arguing, at the new trial ordered by the Court of Appeals, that section 27-531 did not apply to the subject bleachers.

In view of the foregoing, we need not reach defendants' remaining arguments. Concur—Saxe, J.P., Friedman, Marlow, Sullivan and Williams, JJ.