NICOLE S. MAURER, Respondent, v TOPS MARKETS, LLC, Appellant. NICOLE S. MAURER, Respondent, v RAYMOND E. KISER, Appellant. (Appeal No. 1.) [892 NYS2d 923]—Appeals from an order of the Supreme Court, Erie County (Joseph G. Makowski, J.), entered December 7, 2007 in a personal injury action. The order denied the motions of defendants for post-trial relief.

Appeal and cross appeal from a judgment of the Supreme Court, Erie County (Joseph G. Makowski, J.), entered June 20, 2008 in a personal injury action. The judgment awarded plaintiff money damages against defendant upon a jury verdict.

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by reducing the collateral source offset to $15,391.35 and increasing the award for past damages to $113,608.65 and as modified the judgment is affirmed without costs.

Memorandum: Plaintiff commenced this action to recover damages for injuries she sustained when she slipped and fell on water on the floor of the floral department of a grocery store owned by defendant Tops Markets, LLC (Tops). Approximately eight months after that accident, plaintiff sustained further injuries in a motor vehicle accident and commenced a separate action against the driver of the other vehicle, Raymond E. Kiser, to recover damages for injuries sustained in the motor vehicle collision. The two actions were joined solely for the purposes of trial, and Tops appeals and plaintiff cross-appeals from a judgment entered upon a jury verdict finding, inter alia, that Tops was negligent and awarding damages to plaintiff.

We note at the outset that the contentions of Tops concerning Supreme Court's charge on premises liability are unpreserved for our review inasmuch as Tops failed to raise those specific objections at trial (*see Fitzpatrick & Weller, Inc. v Miller*, 21 AD3d 1374, 1375 [2005]; *Donaldson v County of Erie*, 209 AD2d 947, 948 [1994]). "Where, as here, the charge is not fundamentally flawed, [Tops'] failure to object to the charge at trial and before the jury retire[d] precludes [our] review of [those] contention[s]" (*Fitzpatrick*, 21 AD3d at 1375 [internal quotation marks omitted]). Tops further contends that the court erred in refusing to add a question to the verdict sheet. Even assuming, arguendo, that Tops preserved that contention for our review (*cf. Brown v Dragoon*, 11 AD3d 834, 835 [2004], *lv denied* 4 NY3d 710 [2005]; *Cavallaro v Somaskanda* [appeal No. 2], 280 AD2d 1002, 1003 [2001]), we conclude that any alleged error in the verdict sheet does not warrant reversal inasmuch as "no basis exists to warrant a finding of juror confusion or inconsistency in the verdict" (*Szeztaye v LaVacca*, 179 AD2d 555, 556 [1992]; *see Williams v Brosnahan*, 295 AD2d 971, 974 [2002]). The propriety of questions on a verdict sheet "must be examined in the context of the court's charge" (*Szeztaye*, 179 AD2d at 555)

and, in this case, the court's charge properly set forth the three necessary elements of premises liability.

Tops also failed to preserve for our review its contention that the jury verdict is inconsistent inasmuch as Tops failed to object to the verdict on that ground before the jury was discharged (*see Kunsman v Baroody*, 60 AD3d 1369, 1370 [2009]; *Everding v Bombard*, 272 AD2d 937, 938 [2000]) and, in any event, the challenged portions of the verdict are "supported by a fair interpretation of the evidence and [are] not inconsistent" (*Howell v Cecilia*, 45 AD3d 1406, 1407 [2007]). Contrary to the further contention of Tops, there is no evidence in the record of an impermissible jury compromise.

We further conclude that there is no merit to the contention of Tops that the jury verdict on liability with respect to Tops is against the weight of the evidence. Here, it cannot be said that "the evidence so preponderate[d] in favor of [Tops] that [the verdict with respect to Tops] could not have been reached on any fair interpretation of the evidence" (*Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995] [internal quotation marks omitted]; *see Homan v Herzig* [appeal No. 2], 55 AD3d 1413, 1414 [2008]). Indeed, plaintiff presented the testimony of several Tops employees who stated that there was a recurring condition of water on the floor in the floral department as a result of water dripping from flower bouquets. In light of the testimony that Tops had actual knowledge of a recurring condition of water on the floor in the area where plaintiff fell, Tops may be " 'charged with constructive notice of each specific reoccurrence of the condition' " (*Chrisler v Spencer*, 31 AD3d 1124, 1125 [2006]; *see Erikson v J.I.B. Realty Corp.*, 12 AD3d 344, 345 [2004]; *see generally Chianese v Meier*, 98 NY2d 270, 278 [2002]).

We agree with Tops, however, that the jury erred in indicating on the verdict sheet that the award of $360,000 for future medical expenses was "intended to provide compensation" for a period of 15 years. Rather, we conclude that the future medical expenses awarded provides compensation for the remainder of plaintiff's lifetime. With that distinction, we conclude that the jury's award of $360,000 for future medical expenses should not be disturbed. As plaintiff correctly contends, she was 32 years old at the time of trial, and the uncontroverted medical proof established that her cervical spine injury is permanent and will require a lifetime of medical treatment and, ultimately, cervical fusion surgery.

With respect to plaintiff's cross appeal, we conclude that the awards for future economic loss and future pain and suffering

do not deviate materially from what would be reasonable compensation (*see* CPLR 5501 [c]; *Iovine v City of New York*, 286 AD2d 372, 373 [2001]). We agree with plaintiff, however, that the court erred in subtracting the $34,203 that she received in Social Security benefits both from the judgment against Tops and that against Kiser. It is well settled that the purpose of CPLR 4545 (c) is to "eliminate double recoveries, not provide defendants . . . with an 'undeserved windfall' " (*Bryant v New York City Health & Hosps. Corp.*, 93 NY2d 592, 607 [1999]; *see Oden v Chemung County Indus. Dev. Agency*, 87 NY2d 81, 87-88 [1995]). Here, plaintiff was undercompensated because the sum of $68,406 was subtracted from her total recovery despite the fact that she received only $34,203 in Social Security benefits. We thus agree with plaintiff that the court should have prorated the single collateral source offset between Tops and Kiser. Tops' pro rata share of the total award of $129,000 for past economic loss is 45%. We thus conclude that Tops is entitled to deduct only $15,391.35 from the award for past economic loss, and we modify the judgment accordingly.

We have considered the remaining contentions of the parties and conclude that they are without merit. Present—Centra, J.P., Peradotto, Carni, Pine and Gorski, JJ.