THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GRADY HAMPTON, Appellant. [925 NYS2d 841]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Carter, J., at trial; Palmieri, J., at sentencing), rendered April 23, 2010, convicting him of murder in the second degree and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was accused of killing Kareem Sapp. At trial, after the prosecution rested, the defendant moved to dismiss for failure to make out a prima facie case. The Supreme Court commented on the prosecution's case, but reserved decision on the

motion. The defendant presented evidence and, after he rested his case, again moved for a trial order of dismissal. The Supreme Court indicated that it had "concerns" about "whether or not the People have met their burden," but again reserved decision. The jury found the defendant guilty of murder in the second degree and criminal possession of a weapon in the second degree (two counts). After the jury was excused, the Supreme Court "suggest[ed]" that the defendant "put [his motion] on papers," and the defendant agreed to do so.

On a subsequent date, the trial judge announced that, for reasons stated, he would recuse himself. The defendant moved for an order pursuant to CPL 290.10 (1) and 330.30 (1) "granting the defendant[']s prior applications for a trial order of dismissal or in the alternative, setting aside the jury verdict of guilty . . . based upon the lack of evidence . . . for which the defendant was convicted and which, upon an appeal, would require reversal or modification of the judgment as a matter of law by an Appellate Court." The defendant urged that "[s]hould the Judge actually recuse itself from deciding the above, which is this Court[']s stated intent, then a mistrial must be granted" (see id.). In a subsequent order, the trial judge recused himself and referred the matter to the Supervising Judge. The case was thereafter reassigned to Justice Palmieri in light of the Trial Judge's recusal. Justice Palmieri denied the defendant's motion (see People v Hampton, 27 Misc 3d 492 [2010]), and denied the defendant's subsequent motion denominated as one to renew and reargue. The defendant appeals from the judgment of conviction. We affirm.

The defendant argues that since his motion for a trial order of dismissal was argued before Justice Carter, Justice Palmieri, in determining his motion, violated Judiciary Law § 21. We disagree. "Since purely legal questions were involved, all discussion was recorded in the minutes, and the successor Judge was not called upon to weigh conflicting testimony or assess credibility" (Plunkett v Emergency Med. Serv. of N.Y. City, 234 AD2d 162, 163 [1996]; see Gayle v Port Auth. of N.Y. & N.J., 6 AD3d 183 [2004]; cf. People v Nenni, 261 AD2d 900 [1999]; State of New York v General Elec. Co., 215 AD2d 928 [1995]; People v Cameron, 194 AD2d 438 [1993]; People v Hooper, 22 AD2d 1006 [1964]), Judiciary Law § 21 did not bar Justice Palmieri from determining the defendant's motion.

Further, the defendant argues that the verdict of guilt was not supported by legally sufficient evidence and was against the weight of the credible evidence. We disagree. Viewing the evidence in the light most favorable to the prosecution (see People

*v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). Mastro, J.P., Florio, Belen and Chambers, JJ., concur.