This memorandum is uncorrected and subject to revision before publication in the New York Reports.
--------------------------------------------------------------

No. 85
In the Matter of New York City
Asbestos Litigation.
--------------------------------
Ruby E. Konstantin, &c.,
            Respondent,
        v.
630 Third Avenue Associates, et
al.,
            Defendants,
Tishman Liquidating Corporation,
            Appellant.


        Kathleen M. Sullivan, for appellant.
        Seth A. Dymond, for respondent.
        Business Council of New York State et al.; John Crane
Inc., amici curiae.


MEMORANDUM:

        The order of the Appellate Division should be affirmed,

with costs, and the certified question not answered as

unnecessary.

        In the 1970s, plaintiff's decedent, Dave John

Konstantin, worked as a carpenter at two Manhattan construction

- 1 -

sites where defendant Tishman Liquidating Corporation (TLC) was
the general contractor.  Konstantin worked in close proximity to
other workers who sanded and swept joint compound containing
asbestos, and Konstantin was thereby exposed to asbestos dust.
In 2010, Konstantin was diagnosed with mesothelioma, and he
subsequently endured several surgeries, radiation, and
chemotherapy until his death in 2012.

Before his death, Konstantin and plaintiff commenced
the present action against TLC, among others.  Konstantin's case
was assigned along with nine other cases, including Matter of New
York City Asbestos Litigation (Dummitt v A.W. Chesterton et al.)
(-- NY3d --, 2016 NY Slip Op __ [decided today]) to an in
extremis trial calendar.  The 10 plaintiffs, all of whom were
represented by the same firm, subsequently requested a joint
trial pursuant to CPLR 602 (a).  All defendants jointly opposed
that motion.  Supreme Court ordered that seven of the 10 cases,
in which the plaintiffs had developed mesothelioma, would be
tried together, and the remaining three cases, in which the
plaintiffs had developed lung cancer, would be tried together.
Thus, the court's order required the cases of Konstantin and
Dummitt, who had both developed mesothelioma, to be tried with
five others.

Before trial, however, the other five cases settled,
leaving only Konstantin and Dummitt to be tried together.  The
jury found TLC 76% liable for Konstantin's injuries and awarded

damages.  Supreme Court denied TLC's posttrial motion to set aside the verdict in relevant part, holding that the joint trial was not improper, but reduced the jury's damages award (see 37 Misc 3d 1206[A], 2012 NY Slip Op 51905[U], *12, *14-16 [Sup Ct, NY County 2012]).

The Appellate Division considered the Dummitt and Konstantin appeals together (121 AD3d 230 [1st Dept 2014]).  TLC contended, among other things, that Supreme Court abused its discretion in holding a joint trial.  The Appellate Division determined that the issue was reviewable and concluded that Supreme Court did not err in holding a joint trial (see id. at 241-246).  The Appellate Division rejected TLC's remaining contentions and affirmed the judgment (see id. at 246-248, 255).  Two Justices dissented in Dummitt but concurred in the result in Konstantin.  As relevant here, those Justices would have declined to address TLC's challenge to Supreme Court's pretrial order granting a joint trial on the ground that TLC failed to assemble a proper appellate record and therefore meaningful review of the court's order was impossible (see id. at 256-257 [Friedman, J., dissenting in part]).  The First Department granted TLC's motion for leave to appeal to this Court, certifying the question whether its order was properly made.

On appeal before this Court, TLC contends that the Dummitt and Konstantin actions were improperly tried together. To the extent that TLC challenges Supreme Court's pretrial order

granting the motion for a joint trial with respect to the seven plaintiffs that had developed mesothelioma, TLC has not satisfied its obligation to assemble an appellate record that would permit meaningful review of that issue (see CPLR 5526). We agree with the Appellate Division Justices who dissented in part that TLC's failure to assemble a proper record prevents us from reviewing Supreme Court's pretrial order (see 121 AD3d at 256-257 [Friedman, J., dissenting in part]).

Insofar as TLC argues that Dummitt and Konstantin were improperly tried together, TLC has failed to preserve that challenge for appellate review. TLC did not specifically challenge the joint trial of the Dummitt and Konstantin actions until its posttrial motion, which is insufficient to preserve its contention for appellate review (see generally Grzesiak v General Elec. Co., 68 NY2d 937, 939 [1986]).

TLC contends that because it joined all defendants in opposing the plaintiffs' pretrial motion, it was unnecessary for TLC to renew its objection after the five other cases settled. We disagree. In its pretrial order, Supreme Court considered the plaintiffs' motion to try all 10 cases jointly and concluded that seven of those cases, in which the plaintiffs had developed mesothelioma, should be tried together. The court therefore considered whether seven of those cases shared common questions of law or fact (see CPLR 602 [a]), and whether the defendants would be prejudiced by a joint trial of all seven (see generally

Matter of Vigo S. S. Corp., 26 NY2d 157, 161-162 [1970], cert denied 400 US 819 [1970]).  If, after five of those seven cases settled, TLC believed that Supreme Court should consider the propriety of a joint trial anew -- by conducting a particularized assessment of whether Dummitt and Konstantin shared common issues of law or fact and of whether defendants would be prejudiced by the two-case joint trial -- it was incumbent upon TLC to object, raise the specific arguments it now asserts with respect to these two cases, and ask the court to conduct that analysis in order to preserve its challenge for appellate review.  TLC did not do so, and we therefore cannot consider whether Supreme Court abused its discretion as a matter of law in trying Dummitt and Konstantin together.

Finally, we reject TLC's contention that the Appellate Division applied the wrong legal standard in assessing whether Supreme Court's reduced damages award deviated materially from reasonable compensation.  Neither CPLR 5501 (c) nor CPLR 5522 requires the Appellate Division to expressly compare the damages award in the judgment appealed from with damages awards in other cases in its written decision.  In any event, the Appellate Division thoroughly explained its decision to uphold Supreme Court's reduced damages award (see 121 AD3d at 255).  To the extent TLC contends that the damages award is excessive, we have no power to review that contention (see Rios v Smith, 95 NY2d 647, 654 [2001]).

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

Order affirmed, with costs, and certified question not answered as unnecessary, in a memorandum.  Judges Pigott, Rivera, Abdus-Salaam, Stein, Fahey and Garcia concur.  Chief Judge DiFiore took no part.

Decided June 28, 2016