MICHAEL CARROLL, as Administrator of the Estate of NANCY A. CARROLL, Deceased, Appellant, v. WILLIAM G. CONRAD, Respondent.— AULISI, J. Appeal from a judgment of the Supreme Court, entered May 10, 1967, in Cortland County, upon a verdict rendered at a Trial Term, in favor of defendant on his counterclaim. This action arose out of an automobile accident that occurred on February 28, 1966, at about 9:00 P.M. Defendant-respondent was operating his vehicle in a westerly direction on the Tompkins Street Extension, also known as New York State Route 13, west of the City of Cortland. He was on his way to a bowling alley located on the south side of Route 13. This is a four-lane highway divided by a level mall area approximately seven feet wide and bounded by double yellow lines. As he made a left turn to go into the bowling alley parking lot, his car collided with a vehicle driven by appellant's deceased wife. The accident occurred in the latter's inside or driving lane. There was contradictory testimony as to whether the headlights of appellants vehicle were on. This question the jury evidently resolved in respondent's favor. Appellant's primary contention on this appeal is that the respondent violated section 1130 of the Vehicle and Traffic Law when he crossed the highway. He argues that such a violation was a proximate cause of the accident and, therefore, respondent was contributorily negligent as a matter of law and his counterclaim should be dismissed. Section 1130 provides: "Whenever any highway has been divided into two or more roadways by leaving an intervening space or by a physical barrier or clearly indicated dividing section so *constructed as to impede vehicular traffic,* every vehicle shall be driven only upon the right-hand roadway unless directed or permitted to use another roadway by official traffic-control devices or police officers. No vehicle shall be driven over, across, or within any such dividing space, barrier, or section, except through an opening in such physical barrier or dividing section or space or at a crossover or intersection as established, unless specifically authorized by public authority." (Emphasis supplied.) Whether the mall area in the present case be deemed "an intervening space" or a "clearly indicated dividing section", it certainly was not "so constructed as to impede vehicular traffic." Indeed, the construction urged by appellant would place an unreasonable burden on motorists seeking to gain entrance into private roads and commercial parking lots which abound on this type of highway. Since vehicular traffic was not impeded by this division and requiring motorists to travel a long distance out of their way to locate an intersection, turn around and retrace their route would probably tend to increase the risk of accidents on such highways, we must reject the construction urged by appellant. Inasmuch as respondent committed no violation when he crossed the highway, the issue of whether he was contributorily negligent was a question properly submitted to the jury. We have examined appellant's other contentions and find them to be without merit. Judgment affirmed, with costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur in memorandum by Aulisi, J.