■ MARGARET J. SANSONE, Individually and as Mother and Natural Guardian of JAMES JORDAN, Appellant, v JAMES A. LAKE et al., Respondents, and PAUL K. DONOHUE et al., Appellants. PAUL K. DONOHUE, Appellant, v JAMES A. LAKE et al., Respondents, et al., Defendants. (And a Third-Party Action and Another Action.) (Appeal No. 1.) ■■■■■■■■■■■■■■■■■■■■■■■■ Memorandum: In this multiparty automobile negligence action, appellants Sansone and Donohue request a new trial on the grounds that the verdicts were against the weight of the evidence; that the court erroneously failed to charge that the Town of Hamburg could be liable for violation of Highway Law § 319 and the town ordinances; that the jury used a dictionary to define the word "proximate"; and that the court erroneously instructed the jury not to consider Sansone's request for damages as against the town, and in doing so, disparaged counsel.

The verdicts were not against the weight of the evidence. Credible eyewitness testimony established that the Lake vehicle was proceeding at a proper speed with the right-of-way and that the accident occurred when the Donohue vehicle ran a stop sign at 45 miles per hour. The jury could rationally find that Donohue's heedless driving was the overriding cause of the accident.

The court did not err in refusing to charge that the town could be liable for violating Highway Law § 319 and the town ordinances. The court's instruction was adequate and the requested instructions were inapplicable to the town on the facts of this case. Highway Law § 319 (2) applies only to an "owner or occupant of lands situate along the highway" and thus does not impose liability on the town as the owner of the highway itself. Moreover, the shrubs and brush adjacent to the highway which appellants contend the town negligently failed to remove do not fall within the list of obstructions which adjacent landowners are enjoined to remove pursuant to Highway Law § 319 (1). Similarly, the town ordinances which appellants requested to be charged against the town apply only to sign applicants or to persons having control or ownership of approved subdivisions within the town (Town of Hamburg Ordinances §§ 7B-1, 7B-2, 7B-3, 29-105, 29-131).

Reversal is not required as a result of the jury's use of a dictionary for the meaning of the word "proximate". Prejudice is an essential element of a claim of juror misconduct based upon improper outside influences (see, Alford v Sventek, 53 NY2d 743, 745) and appellants have failed to show prejudice as a result of the jury's brief consultation of the dictionary. The court retrieved the dictionary immediately upon hearing that it was in the jury's possession and instructed the jury that its decision must be based solely on the evidence and the court's instructions, that it should disregard completely its use of the dictionary, and that it should inquire of the court if it had need for further instructions. The court had charged the jury extensively with respect to proximate cause and the jury made no further requests for instruction. In the absence of any showing of prejudice, it would be speculative to conclude that the jury disregarded the court's corrective instructions.

The court's instruction to the jury that plaintiff's request for damages against the town "must not be considered" was erroneous since such request is proper legal argument by counsel and may be considered by the jury as such (see, Rice v Ninacs, 34 AD2d 388, 392). Nonetheless, any error is harmless. Prior to that statement, the court had correctly informed the jury that while counsel's request "is not evidence in this case," the jury could consider the summations so far "as they tend to explain the evidence to you." Further, the jury did not impose liability upon the town and thus never reached the question of damages. Finally, there is no merit to appellant's claim that the court's instructions so denigrated counsel as to destroy his credibility with the jury. (Appeals from judgment

of Supreme Court, Erie County, Morton, J.—negligence.) Present—Denman, J. P., Boomer, Green, Pine and Balio, JJ.