■ SHARON DONALDSON et al., Appellants, v COUNTY OF ERIE, Respondent. [619 NYS2d 425] —Judgment unanimously affirmed without costs. Memorandum: Plaintiffs appeal from a judgment entered upon a jury verdict finding that defendant was not negligent in the maintenance of a County highway. Plaintiffs contend that Supreme Court erred in charging the jury that: "A municipality such as defendant, County of Erie, is not, however, an insurer of the safety of its roadways. The design, constructions and maintenance of public highways are entrusted to the sound discretion of the county authority, and so long as a highway may be said to be *safe for persons who exercise reasonable care,* the duty imposed upon the county is satisfied" (emphasis added). Plaintiffs object to the use of the emphasized words on the ground that the jury could have improperly concluded from that instruction that defendant could be found liable only if plaintiff Sharon Donaldson was not negligent, i.e., that she "exercise[d] reasonable care". They assert that, in using the emphasized words, the court improperly injected the no longer applicable doctrine of contributory negligence. Defendant contends that the charge was correct

and in accordance with the Court of Appeals holding in *Tomassi v Town of Union* (46 NY2d 91).

Plaintiffs have failed to preserve this issue for review. The general objection of plaintiffs' counsel to the introductory sentence of the court's charge on defendant's duty and his vague references to off-the-record comments are insufficient. There is nothing in the record that would lead one to conclude that counsel objected to the charge for the reasons raised on appeal. Indeed, it was defendant's counsel who objected to the court's use of the phrase "for persons who exercise reasonable care" and requested that the court more closely follow the language used in *Tomassi (supra)*. Plaintiffs' counsel raised no objection while the appropriateness of that phrase was being discussed.

In any event, we conclude that any error is harmless *(see, Sansone v Lake,* 124 AD2d 990, 991, *lv denied* 69 NY2d 611). The language objected to does not state that only those exercising reasonable care may maintain a cause of action. Moreover, the remainder of the court's charge makes clear that the negligence, if any, of plaintiff Sharon Donaldson does not bar recovery.

We have reviewed the remaining issues raised on appeal and conclude that they are without merit. (Appeal from Judgment of Supreme Court, Erie County, Cosgrove, J.—Negligence.) Present—Denman, P. J., Pine, Lawton, Wesley and Davis, JJ.