■ ANTHONY BOSWELL, an Infant, by BONNIE BOSWELL, as Her Natural Guardian, et al., Appellants, v METROPOLITAN TRANSPORTATION AUTHORITY et al., Respondents, et al., Defendant. [664 NYS2d 90] —In an action, *inter alia,* to recover damages for personal injuries, etc., the plaintiffs appeal from so much of a judgment of the Supreme Court, Queens County (Milano, J.),

dated September 23, 1996, as upon a jury verdict in favor of the defendants Metropolitan Transportation Authority and Long Island Railroad and against them on the issue of liability, dismissed the complaint.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, and a new trial is granted to the plaintiffs against the defendants Metropolitan Transportation Authority and the Long Island Railroad, with costs to abide the event.

In May 1993 the infant plaintiff Anthony Boswell, then 10 years old, allegedly entered onto railroad tracks owned and/or maintained by the respondents Metropolitan Transportation Authority (hereinafter the MTA) and the Long Island Railroad (hereinafter the LIRR), and was injured when he placed a metal bar across the electrified third rail. The plaintiffs thereafter commenced a negligence action against the respondents and one Joseph Rappa. At trial, the plaintiffs presented evidence that Rappa, with the knowledge and/or consent of the MTA and the LIRR, maintained a garden inside a fence between the adjacent road and the train tracks. (The plaintiffs' action against Joseph Rappa has been settled.) Access to the garden was via a gate in the fence, which Rappa allegedly left open, allowing the infant plaintiff and a friend access to the tracks. The infant plaintiff, who had just moved into the area from Florida, admitted that he was aware of the danger of being struck by a train while playing on the track, but denied that he was aware of the danger posed by the electrified third rail, or that he observed any signs warning of such a danger. The plaintiffs' position at trial was that the respondents were negligent because, *inter alia*, they permitted access to the tracks without posting warnings on or near the tracks concerning the danger posed by the third rail. A verdict was returned in favor of the respondents and against the plaintiffs. On appeal, the plaintiffs argue that various errors by the trial court resulted in prejudice to them requiring a new trial. We agree.

On the issue of foreseeability, the court, over the objection of the plaintiffs, summarized its instruction by stating: "In order to find the defendants' conduct was negligent, you must find that the plaintiff's presence on the railroad tracks and his subsequent placement of the metal bar on the third rail was foreseeable and either that the defendants knew or should have known of the likelihood of the plaintiff's entry through the gate onto the railroad tracks and subsequent placement of the metal bar on the third rail long enough before the accident to have permitted the defendants in the use of reasonable care

to have taken suitable precautions or to have given adequate warning".

It is well settled that a plaintiff need not demonstrate the foreseeability of either the precise manner in which the accident occurred, or the precise type of harm produced in order to establish the foreseeability component of a negligence claim (*see, Di Ponzio v Riordan,* 89 NY2d 578; *Derdiarian v Felix Contr. Corp.,* 51 NY2d 308). The court's charge here on the issue of foreseeability was erroneous. On the evidence presented, the error cannot be deemed harmless, and a new trial is therefore warranted (*see, Donaldson v County of Erie,* 209 AD2d 947).

The plaintiffs' remaining contentions are either without merit or are academic in light of the foregoing. Ritter, J. P., Copertino, Pizzuto and Florio, JJ., concur.