■ Leslie Vail-Beserini, Appellant, v Lewis B. Rosengarten, Respondent. [701 NYS2d 159] —Yesawich Jr., J. Appeal from a judgment of the Supreme Court (Keniry, J.), entered November 4, 1998 in Saratoga County, upon a verdict rendered in favor of defendant.

This action has its origin in a motor vehicle accident which occurred when plaintiff's automobile struck the rear end of defendant's car which was stopped in the left-hand, southbound lane of US Route 9 in the Town of Saratoga, Saratoga County. At the time defendant was waiting to make a left turn into a restaurant parking lot. Plaintiff claims that the accident occurred because neither defendant's brake lights nor turn signal were illuminated prior to or at the time of collision. A jury found that plaintiff had no cause of action and plaintiff appeals.

Initially, it is urged that Supreme Court erred in not granting plaintiff's request to instruct the jury to consider whether defendant's alleged violation of Vehicle and Traffic Law § 1130* in attempting to turn across two sets of double yellow lines, divided by a two to four-foot intervening space, was a proximate cause of the accident. We disagree. A trial court need not

---

* This section provides as follows: "Whenever any highway has been divided into two or more roadways by leaving an intervening space or by a physical barrier or clearly indicated dividing section so constructed as to impede vehicular traffic, every vehicle shall be driven only upon the right-hand roadway unless directed or permitted to use another roadway by official traffic-control devices or police officers. No vehicle shall be driven over, across, or within any such dividing space, barrier, or section, except through an opening in such physical barrier or dividing section or space or at a crossover or intersection, as established, unless specifically authorized by public authority" (Vehicle and Traffic Law § 1130 [1]).

charge a jury with regard to a statute that is of "questionable relevance" to the issues raised in the action (*Doolittle v Conklin Brass & Copper Co.*, 103 AD2d 722, 724; *see, Sansone v Lake*, 124 AD2d 990, 991, *lv denied* 69 NY2d 611). Vehicle and Traffic Law § 1130 was not relevant to the jury's deliberation inasmuch as the place where defendant attempted to turn contained neither a physical barrier nor can it be concluded that the space between the two sets of double yellow lines that defendant was attempting to traverse—a flat paved area—was designed to "impede vehicular traffic" (Vehicle and Traffic Law § 1130 [1]; *see, e.g., Carroll v Conrad*, 30 AD2d 744).

Nor are we persuaded that plaintiff's request for a mistrial because of purported juror misconduct, made after it became known that a juror brought a pamphlet published by the State Department of Motor Vehicles into the jury room, was improperly denied. As the juror was dismissed and the record is devoid of any indication that other jurors either read, discussed or were in some manner influenced by the pamphlet, it cannot be said that Supreme Court's ruling was an improvident one (*see, Sansone v Lake*, 124 AD2d 990, 991, *supra*). Plaintiff's remaining arguments are bereft of merit.

Cardona, P. J., Mikoll, Crew III and Mugglin, JJ., concur. Ordered that the judgment is affirmed, with costs.