■ SHARON G. STRACH, Appellant-Respondent, v SONNEY DOIN, Also Known as SONNEY DOINS, Individually and Doing Business as SONNEY's AUCTION BARN, Respondent, and EXIT 9 SELF-STORAGE, INC., Respondent-Appellant, et al., Defendant. [733 NYS2d 273] —Crew III, J. P. Appeals (1) from an order of the Supreme Court (Ceresia, Jr., J.), entered February 28, 2000 in Albany County, which, *inter alia*, granted defendant Sonney Doin's motion for summary judgment dismissing the complaint

---

* The carrier's expert was precluded from testifying after failing to appear at several hearings.

against him, and (2) from an amended judgment of said court (Hughes, J.), entered May 22, 2000 in Albany County, upon a verdict rendered in favor of defendant Exit 9 Self-Storage, Inc.

Beginning in May 1993, plaintiff entered into separate agreements with defendant Exit 9 Self-Storage, Inc. for the rental of four storage lockers. Plaintiff thereafter repeatedly failed to make the required monthly payments and, in January 1994, Exit 9 notified plaintiff of its intention to sell the contents of the respective storage lockers pursuant to the default provisions of the rental agreements. Defendant Sonney Doin successfully bid on the contents of plaintiff's lockers and at auction subsequently sold plaintiff's possessions, which apparently included a number of antiques and collectibles.

In 1997, plaintiff commenced this action against, among others, Exit 9 and Doin alleging, *inter alia*, that Exit 9 failed to give plaintiff proper notice of the sale and that Exit 9 and Doin conspired to convert plaintiff's personal property. Following joinder of issue and discovery, Doin moved for summary judgment dismissing the complaint against him, and Exit 9 apparently cross-moved for similar relief. By order entered February 28, 2000, Supreme Court (Ceresia, Jr., J.) granted Doin's motion and denied Exit 9's cross motion, prompting an appeal by plaintiff.* Thereafter, in April 2000, this matter proceeded to trial, at the conclusion of which the jury returned a verdict in favor of Exit 9 finding, *inter alia*, that Exit 9's breach of the provisions of Lien Law § 182 was not the proximate cause of the damages allegedly sustained by plaintiff. An amended judgment was entered in favor of Exit 9 and plaintiff now appeals.

Initially, we reject plaintiff's assertion that Supreme Court (Ceresia, Jr., J.) erred in granting Doin's motion for summary judgment dismissing the complaint against him, which alleged that Doin "conspired to wrongfully convert plaintiff's personal property." As "there is no specific tort for conspiracy in New York" (*Guglielmo v Unanue*, 244 AD2d 718, 721), our inquiry distills to whether the record as a whole raises a question of fact as to conversion. In support of his motion for summary judgment, Doin averred that with the exception of the few observations he made during his brief inspection of the four storage lockers, he had no knowledge of the contents of such lockers prior to submitting his bid. Doin further averred that he never employed in his auction business anyone employed by Exit 9, nor did he act as an agent or auctioneer for Exit 9 with

* Although Exit 9 initially filed an appeal from such order, it apparently elected not to pursue its appeal in this regard—no doubt as a result of the final judgment ultimately entered in its favor (*see, infra*).

respect to the disposal of the contents of plaintiff's storage units. Finally, Doin stated that he did not engage in any conduct to prompt the sale of plaintiff's belongings or conspire with anyone from Exit 9 to arrange for his receipt thereof. Such proof was more than sufficient to satisfy Doin's initial burden of demonstrating that he was a good faith purchaser for value. In opposition, plaintiff submitted an attorney's affidavit and excerpts from certain examinations before trial, the former of which was of no evidentiary value and the latter of which was insufficient to raise a question of fact as to the issue of conversion. Accordingly, Supreme Court properly granted Doin's motion for summary judgment dismissing the complaint against him.

Turning to the amended judgment entered in favor of Exit 9, plaintiff, as so limited by her brief, initially contends that Supreme Court (Hughes, J.) erred in charging the jury on the issue of proximate cause. As a starting point, although plaintiff raised certain objections to the charge given to the jury, no specific objection was made to the court's instruction on proximate cause. We therefore conclude that plaintiff has failed to preserve this issue for our review (see, CPLR 4110-b). Moreover, even assuming that plaintiff's generalized objection to the verdict sheet somehow encompassed the proximate cause charge, we would find plaintiff's argument as to the propriety of the charge to be unavailing.

Nor are we persuaded that Supreme Court erred in granting Exit 9's motion to preclude plaintiff's expert from testifying or that the court's decision in this regard constitutes evidence of bias. Pursuant to CPLR 3101 (d) (1) (i), plaintiff was required to "disclose in reasonable detail the subject matter on which [her] expert [was] expected to testify, the substance of the facts and opinions on which [her] expert [was] expected to testify, the qualifications of [such] expert witness and a summary of the grounds for [the] expert's opinion." Based upon our review of plaintiff's response to Exit 9's demand in this regard, we cannot say that plaintiff complied with the statutory mandate. Plaintiff's conclusory statements as to her expert's background, to wit, that he "has attended numerous auctions and sales of [antique metal banks and other] collectibles [and] has spoken with dozens of individuals regularly engaged in the purchase and sale of such collectibles," does not constitute a reasonably detailed description of such expert's qualifications. Nor did such expert's stated familiarity with auctions and his generalized familiarity with plaintiff's collection provide an adequate summary of the grounds for his opinion as to the value of

plaintiff's collection. Finally, contrary to plaintiff's assertion, we are of the view that plaintiff was afforded an adequate opportunity to respond to Exit 9's motion (*compare, Qian v Dugan*, 256 AD2d 782). Plaintiff's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Peters, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order and amended judgment are affirmed, without costs.