FITZPATRICK & WELLER, INC., Appellant, v STEPHEN MILLER, Doing Business as MILLER'S SAW MILL, Respondent, et al., Defendant. [802 NYS2d 292]—

Appeal from an order of the Supreme Court, Cattaraugus County (Larry M. Himelein, A.J.), entered December 16, 2004. The order denied plaintiff's motion to set aside the jury verdict.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: On appeal from an order denying plaintiff's motion to set aside the jury verdict awarding Stephen Miller, doing business as Miller's Saw Mill (defendant), damages on his counterclaim, plaintiff contends that Supreme Court admitted

evidence at trial in contravention of a prior decision of this Court (*Fitzpatrick & Weller v Miller*, 309 AD2d 1273 [2003]). We reject that contention. A series of purchase order contracts between plaintiff and defendant provided that the rules of the National Hardwood Lumber Association (NHLA) governed their transactions. According to a rule of the NHLA, a buyer must report any difference between the amount of the seller's invoice and the value of the shipment within 14 days after unloading. In our prior decision, we determined that the court properly denied that part of the motion of defendant seeking summary judgment dismissing the complaint as time-barred (*id.*). We rejected defendant's contention that the 14-day rule constituted a statute of limitations, and we concluded that the purchase order at issue and the NHLA rule " 'suggest[ed] nothing from which a shortened period of limitations can be inferred' " (*id.* at 1273, quoting *Hurlbut v Christiano*, 63 AD2d 1116, 1117-1118 [1978]). We further determined that, in any event, a time period of 14 days was " 'unreasonably short' and thus unenforceable" (*id.*, quoting *Planet Constr. Corp. v Board of Educ. of City of N.Y.*, 7 NY2d 381, 385 [1960]). Contrary to plaintiff's present contention, however, our prior decision did not preclude defendant from presenting evidence that the 14-day rule was a contractual obligation that plaintiff breached by failing to make a timely and valid rejection of the lumber.

Plaintiff further contends that the court erred in failing to instruct the jury that "the effectiveness of the [14-day rule should] be determined in accordance with the rules of reasonableness." Plaintiff failed to preserve that contention for our review by failing to raise that specific contention in its objection to the court's charge (*see Dailey v Keith*, 306 AD2d 815, 816 [2003], *affd* 1 NY3d 586 [2004]; *De Long v County of Erie*, 60 NY2d 296, 306 [1983]). Where, as here, the charge is not fundamentally flawed, plaintiff's "failure to object to the charge at trial and before the jury retire[d] precludes [our] review" of plaintiff's contention (*Makovitzky v Spataro*, 139 AD2d 704, 705 [1988]; *see* CPLR 4110-b; *see also Wagner Trading Co. v Walker Retail Mgt. Co.*, 307 AD2d 701, 704 [2003]; *cf. Clark v Interlaken Owners*, 2 AD3d 338, 340 [2003]). Present—Hurlbutt, J.P., Scudder, Smith, Pine and Hayes, JJ.