■ HOWLETT FARMS, INC., Respondent, v WAYNE FESSNER, Individually and Doing Business as F & W FARMS, Appellant. [913 NYS2d 444]—

Appeal from an order and judgment (one paper) of the Supreme Court, Livingston County (Robert B. Wiggins, A.J.), entered May 22, 2009 in a breach of contract action. The order and judgment awarded plaintiff money damages upon a jury verdict.

It is hereby ordered that the order and judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this breach of contract action seeking damages for defendant's failure to deliver corn pursuant to a June 2006 futures contract, and defendant asserted a counterclaim for breach of contract based on plaintiff's failure to pay the sum of approximately $24,000 to defendant that was due under a February 2006 futures contract. After a trial, the jury found that defendant breached the June 2006

contract and awarded plaintiff $15,700 in damages. The jury further found that, although plaintiff breached the February 2006 contract, defendant sustained no damages as a result of that breach.

Contrary to the contention of defendant, we conclude that Supreme Court properly denied his CPLR 4401 motion seeking to dismiss the complaint at the close of proof based upon plaintiff's alleged failure to establish a prima facie case. In determining such a motion, "the evidence must be viewed in the light most favorable to the nonmovant, [which] must be accorded 'every favorable inference which may properly be drawn from the evidence' " (*Fernandes v Allstate Ins. Co.*, 305 AD2d 1065, 1065 [2003]; *see Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]). Here, the June 2006 contract provided that plaintiff would purchase 10,000 bushels of corn for $2.57 per bushel, with a shipment date of February/March 2007 and a payment date of April 30, 2007. According to the trial testimony of plaintiff's president, defendant orally informed plaintiff in December 2006 that he refused to deliver the corn pursuant to that contract. Plaintiff's president also identified a January 2007 letter from the attorney for defendant advising plaintiff that "no further shipments will be forthcoming and any outstanding contracts not yet performed are hereby terminated" until specified issues set forth in the letter were resolved. In addition, a portion of defendant's deposition transcript was admitted in evidence at trial, in which defendant testified that he advised plaintiff's president in December 2006 that he would not deliver the corn that was the subject of the June 2006 contract because plaintiff had failed to pay an amount due under a separate contract. Thus, viewing that evidence in the light most favorable to plaintiff, as we must in the context of defendant's motion, we conclude that plaintiff made out a prima facie case for breach of contract based on the theory of anticipatory repudiation (*see generally American List Corp. v U.S. News & World Report*, 75 NY2d 38, 44 [1989]; *Long Is. R.R. Co. v Northville Indus. Corp.*, 41 NY2d 455, 463 [1977]).

The challenges by defendant to the jury charge are unpreserved for our review inasmuch as defendant failed to raise those challenges in his objection to the charge at trial (*see* CPLR 4110-b; *Fitzpatrick & Weller, Inc. v Miller*, 21 AD3d 1374, 1375 [2005]; *Donaldson v County of Erie*, 209 AD2d 947, 948 [1994]). "Where, as here, the charge is not fundamentally flawed, [defendant's] 'failure to object to the charge at trial and before the jury retire[d] precludes [our] review' of [defendant's present challenges]" (*Fitzpatrick & Weller, Inc.*, 21 AD3d at 1375; *see*

*Kilburn v Acands, Inc.*, 187 AD2d 988, 989 [1992]). Defendant likewise failed to preserve for our review his present challenges to the verdict sheet (*see Mangaroo v Beckman,* 74 AD3d 1293, 1295 [2010]; *Halbreich v Braunstein,* 13 AD3d 1137, 1138 [2004], *lv denied* 5 NY3d 704 [2005]). Contrary to defendant's further contention, any error in the supplemental jury charge on substantial performance is of no moment inasmuch as the charge, when viewed as a whole, adequately conveyed the relevant legal principles to the jury (*see generally Garris v K-Mart, Inc.,* 37 AD3d 1065, 1066 [2007]; *Tojek v Root,* 34 AD3d 1210, 1211 [2006]).

Finally, defendant contends that the order and judgment does not adequately reflect the verdict because the court therein dismissed his counterclaim for breach of contract. We reject that contention. As previously noted, the jury found that, although plaintiff breached the February 2006 contract, defendant sustained no damages as a result of that breach. It is well settled that defendant had to establish damages as a necessary element of his counterclaim for breach of contract (*see Clearmont Prop., LLC v Eisner,* 58 AD3d 1052, 1055 [2009]), and thus it was properly dismissed. Present—Martoche, J.P., Sconiers, Green and Pine, JJ.