# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

85

CA 13-00856

PRESENT: CENTRA, J.P., FAHEY, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

RICHARD PIOTROWSKI, PLAINTIFF-RESPONDENT,

V                                                     MEMORANDUM AND ORDER

MCGUIRE MANOR, INC., DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

GOLDBERG SEGALLA LLP, BUFFALO (ALBERT J. D'AQUINO OF COUNSEL), FOR
DEFENDANT-APPELLANT.

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL),
FOR PLAINTIFF-RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Paula
L. Feroleto, J.), entered March 7, 2013.  The judgment, among other
things, awarded plaintiff money damages as against defendant.

It is hereby ORDERED that the judgment so appealed from is
reversed on the law without costs and a new trial is granted.

Memorandum:  Plaintiff commenced this Labor Law and common-law
negligence action seeking damages for injuries he sustained when he
fell from a wobbly ladder while painting the kitchen walls of a
nursing home owned by defendant.  The case proceeded to trial, and a
jury found in favor of plaintiff and awarded damages to him.

Plaintiff contends that Supreme Court erred in denying his motion
seeking partial summary judgment on the issue of liability on the
Labor Law § 240 (1) claim, and that contention is properly before us
on defendant's appeal from the final judgment (*see Crapsi v South
Shore Golf Club Holding Co., Inc.*, 19 AD3d 1024, 1026, *lv denied* 5
NY3d 711).  We reject that contention.  Where a plaintiff's own
actions are the sole proximate cause of his injuries, there is no
liability under Labor Law § 240 (1) (*see Robinson v East Med. Ctr.,
LP*, 6 NY3d 550, 554; *Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d
35, 39).  Thus, there is no liability under the statute when the
evidence establishes that a "plaintiff had adequate safety devices
available; that he knew both that they were available and that he was
expected to use them; that he chose for no good reason not to do so;
and that had he not made that choice he would not have been injured"
(*Cahill*, 4 NY3d at 40; *see Gallagher v New York Post*, 14 NY3d 83, 88).
In support of his motion, plaintiff failed to establish that his
decision to use a ladder that he knew was defective instead of another
available ladder was not the sole proximate cause of his injuries (*see*

*Robinson*, 6 NY3d at 554-555).

We reject defendant's contention that the court erred in denying its trial motion for judgment as a matter of law pursuant to CPLR 4401 on the Labor Law §§ 240 (1) and 241 (6) claims. Defendant argued that plaintiff had not been engaged in a protected activity under Labor Law §§ 240 (1) and 241 (6) at the time of his fall. Labor Law § 240 (1) applies to owners and contractors and their agents "in the . . . painting . . . of a building or structure," and the painting need not be incidental to construction (*see Cornacchione v Clark Concrete Co.* [appeal No. 2], 278 AD2d 800, 801; *see also Soodin v Fragakis*, 91 AD3d 535, 535-536). Labor Law § 241 (6) applies to "construction, excavation or demolition work." In determining what is construction work within the meaning of the statute, courts look to the definition of such in the Industrial Code (*see* 12 NYCRR 23-1.4 [b] [13]; *see also Joblon v Solow*, 91 NY2d 457, 466), which includes painting (*see Pittman v S.P. Lenox Realty, LLC*, 91 AD3d 738, 739).

In its trial motion for judgment as a matter of law pursuant to CPLR 4401, defendant also argued that plaintiff had not been exposed to an elevation-related risk during the work, and that plaintiff's actions were the sole proximate cause of his injuries. "Viewing the evidence in [the] light most favorable to . . . plaintiff and affording him the benefit of every favorable inference, we conclude that the evidence adduced at trial provided a rational basis upon which the jury could have determined" that a ladder was required for plaintiff to carry out his assigned task (*Sung Kyu-To v Triangle Equities, LLC*, 84 AD3d 1058, 1060; *see Barrow v Dubois*, 82 AD3d 1685, 1686; *cf. Broggy v Rockefeller Group, Inc.*, 8 NY3d 675, 681-682), and that plaintiff's actions were not the sole proximate cause of his injuries (*cf. Robinson*, 6 NY3d at 554-555). We reject defendant's further contention that the verdict is against the weight of the evidence (*see Barrow*, 82 AD3d at 1686; *see generally Lolik v Big V Supermarkets*, 86 NY2d 744, 746).

We agree with defendant, however, that the court erred in failing to give an expanded sole proximate cause charge to the jury, and we conclude that the error requires reversal of the judgment and a new trial. By way of background, we note that, following discovery, defendant had cross-moved for summary judgment dismissing, inter alia, the Labor Law § 240 (1) claim on the ground that plaintiff's choice to use a wobbly ladder when other ladders were available was the sole proximate cause of his injuries, and the court denied that part of the cross motion. As noted above, defendant subsequently moved during trial for judgment as a matter of law pursuant to CPLR 4401 on the ground that plaintiff's choice of ladder was the sole proximate cause of his injuries. In denying that motion, the court held that plaintiff's choice of ladder could not be the sole proximate cause of his injuries unless he had been told to use another safety device and had ignored that directive. That was an incorrect statement of the law inasmuch as it is not necessary that a plaintiff be *told* to use another safety device. Rather, there will be no liability imposed on a defendant if the defendant establishes that the plaintiff *knew* he should use another safety device and knew that such was available at

the job site, but chose not to use it (*see Robinson*, 6 NY3d at 554-555; *Montgomery v Federal Express Corp.*, 4 NY3d 805, 806).

At the time the parties discussed the jury charge, defendant did not request the recalcitrant worker charge under PJI 2:217.2 or an expansion of 2:217 to include a more detailed sole proximate cause defense; however, the parties immediately thereafter discussed the verdict sheet, and defendant objected to the first question, which asked "[d]id the ladder used by the plaintiff fail to provide proper protection under Labor Law 240 (1)?"  Defendant argued that there should "be a question regarding the sole proximate cause and the plaintiff being the sole proximate cause that is not included."  The court responded, "sole proximate cause *I am not going to charge* because if the failure to provide it is a substantial factor, . . . plaintiff's [conduct] could not be the sole proximate cause" (emphasis added).  Defendant objected, arguing that the jury could find that plaintiff had "options available to him that were provided and he just chose not to use it, that is sole proximate cause," but the court disagreed with defendant "on the law on that."  Again, the court's view of the sole proximate cause defense was erroneous.  As the Court of Appeals held in *Robinson*, in order for there to be liability under section 240 (1), "the owner or contractor must breach the statutory duty under section 240 (1) to provide a worker with adequate safety devices, and this breach must proximately cause the worker's injuries.  *These prerequisites do not exist if adequate safety devices are available at the job site, but the worker either does not use or misuses them*" (*Robinson*, 6 NY3d at 554 [emphasis added]).

We conclude that defendant's objections to the verdict sheet adequately preserved for our review the issue now raised on appeal, which is that the jury charge did not adequately convey the principles of the sole proximate cause defense to the jury, i.e., that plaintiff's *choice* to use the defective ladder when adequate ladders were available could be the sole proximate cause of his injuries.  Defendant placed that issue "squarely before the court," and defendant's "arguments were sufficient to alert [the c]ourt to the relevant question and sufficiently preserved the legal issue for appellate review" (*Geraci v Probst*, 15 NY3d 336, 342; *cf. Salazar v Fries & Assoc.*, 251 AD2d 210, 211).

The court's failure to give an expanded charge with respect to the sole proximate cause defense under the facts of this case resulted in a substantial right of defendant being prejudiced, and thus reversal and a new trial is required (*see Nestorowich v Ricotta*, 97 NY2d 393, 400; *see also* CPLR 2002).  The court gave a charge similar to that set forth in PJI 2:217, and we agree with defendant that the final sentence of that charge did not adequately convey to the jury the sole proximate cause defense raised in this case.  That sentence instructed that "[i]f you conclude that the plaintiff in this action was the only substantial factor in bringing about this injury you will find for the defendant on this issue."  Immediately before that sentence, however, the court instructed the jury that "[i]f you find that the ladder was not so constructed, placed, operated and/or maintained, as to give proper protection to plaintiff in the

performance of the work and that the construction, placement, operation and/or maintenance of the ladder was a substantial factor in causing plaintiff's injury *you will find for plaintiff on this issue*" (emphasis added).  The charge therefore instructed the members of the jury that they must find for plaintiff and impose liability on defendant if they concluded that the ladder was defective, without allowing them to consider whether plaintiff's choice of that ladder could defeat the imposition of liability on defendant.  The court should have charged PJI 2:217.2, or at least a more expansive charge using PJI 2:217 as a foundation, to convey to the members of the jury that they should find defendant not liable if they found that plaintiff knew that there were other safety devices available, that he was expected to use them, and that he chose for no good reason not to do so (*see Cahill*, 4 NY3d at 40).

In light of our determination, we do not consider defendant's remaining contentions.

CENTRA, J.P., LINDLEY, and SCONIERS, JJ., concur; FAHEY, J., dissents and votes to affirm in the following Memorandum:  I respectfully dissent and would affirm the judgment.  I agree with the majority that Supreme Court properly denied plaintiff's motion seeking partial summary judgment on the issue of liability on the Labor Law § 240 (1) claim, and that the court properly denied defendant's trial motion for judgment as a matter of law pursuant to CPLR 4401.  I also agree with the majority that defendant's objections to the verdict sheet preserved for our review defendant's contention that the jury charge did not sufficiently convey the principles of the sole proximate cause defense to the jury.  I cannot agree with the majority, however, that the court erred in failing to give an expanded sole proximate cause charge to the jury.  Rather, I agree with my dissenting colleague that the court's charge was sufficient on the issue of sole proximate cause, i.e., that the charge adequately conveyed the principles of the sole proximate cause defense to the jury (*see Nestorowich v Ricotta*, 97 NY2d 393, 400-401; *Howlett Farms, Inc. v Fessner*, 78 AD3d 1681, 1683, *lv denied* 17 NY3d 710; *Garris v K-Mart, Inc.*, 37 AD3d 1065, 1066).  I would therefore affirm the judgment.

WHALEN, J., dissents and votes to affirm in the following Memorandum:  I respectfully dissent and would affirm the judgment.  Initially, I agree with my dissenting colleague and the majority that Supreme Court properly denied plaintiff's motion seeking partial summary judgment on the issue of liability on the Labor Law § 240 (1) claim, and that the court properly denied defendant's trial motion for judgment as a matter of law pursuant to CPLR 4401.  The majority concludes, however, that the court erred in failing to give an expanded sole proximate cause charge to the jury and, as a result of this error, reversal of the judgment and a new trial are required.  In order to reach that conclusion, the majority must conclude that defendant preserved a challenge to the jury charge on this issue.  I respectfully disagree with the majority's and my dissenting colleague's conclusion that defendant preserved a challenge to the sole proximate cause charge.  Furthermore, I conclude that, had the issue been preserved, the court's charge was sufficient on the issue

of sole proximate cause.

Defendant contends that the court should have given the jury the recalcitrant worker charge under PJI 2:217.2 or an expanded charge of PJI 2:217, which included a more detailed sole proximate cause defense.  Initially, I note that there is a long line of cases establishing that a party must preserve a challenge to the charge by requesting the instruction at issue and specifically objecting to the charge as given (see CPLR 4017, 4110-b, 5501 [a] [3]; De Long v County of Erie, 60 NY2d 296, 306; Maurer v Tops Mkts., LLC [appeal No. 3], 70 AD3d 1504, 1505; Fitzpatrick & Weller, Inc. v Miller, 21 AD3d 1374, 1375; see also Delong v County of Chautauqua [appeal No. 2], 71 AD3d 1580, 1581).  CPLR 4110-b specifically states that "any party may file written requests that the court instruct the jury on the law as set forth in the requests . . . No party may assign as error the giving or failure to give an instruction unless he objects thereto before the jury retires to consider its verdict stating the matter to which he objects and the grounds of his objection."  It is undisputed, and the majority concedes, that at the time the parties discussed the jury charge, defense counsel did not request the recalcitrant worker charge under PJI 2:217.2 or an expansion of PJI 2:217 to include a more detailed sole proximate cause defense.

The majority concludes, however, that those issues were preserved based upon a discussion between the court and counsel relative to the verdict sheet—a discussion that took place after counsel and the court finished discussing jury charge issues.  While addressing questions on the verdict sheet, defendant argued that there should "be a question regarding the sole proximate cause and the plaintiff being the sole proximate cause that is not included."  The court responded, "sole proximate cause I am not going to charge because if the failure to provide it is a substantial factor, . . . plaintiff's [conduct] could not be the sole proximate cause."  Defense counsel responded that "there were options available to [plaintiff] that were provided and he just chose not to use it, that is sole proximate cause and there is, should be a question on it I respectfully submit."  This exchange clearly shows that defense counsel and the court were discussing the verdict sheet and not the jury charge.  In fact, defense counsel's last comment was that there should be a question on the verdict sheet about sole proximate cause.  Defense counsel makes no reference to any aspect of the jury charge during this exchange.  The majority focuses on the court's comment "sole proximate cause I am not going to charge" to conclude that defendant preserved objections to the jury charge.  The majority improperly takes this comment out of context because, when it is read in conjunction with the entire exchange between the court and defense counsel, it is clear that the court and counsel were discussing a question requested on the verdict sheet and not the jury charge.  The majority's conclusion that this exchange regarding the verdict sheet preserves an objection to the charge is directly contrary to settled law that an objection to a verdict sheet cannot preserve a challenge to a jury charge (see Strach v Doin, 288 AD2d 640, 642).  Courts have repeatedly stated that, in the absence of "a clear record articulating [defendant's] claimed objections to the court's refusal to charge the jury as requested," the issue is not

preserved (*Klotz v Warick*, 53 AD3d 976, 979, *lv denied* 11 NY3d 712; *see also Donaldson v County of Erie*, 209 AD2d 947, 947-948). The result the majority reaches here is untenable because there is no way to conclude, based upon the court's comment "sole proximate cause I am not going to charge" exactly what issue was preserved. As I previously stated, defense counsel never requested the recalcitrant worker charge under PJI 2:217.2 or an expansion of PJI 2:217 to include a more detailed sole proximate cause defense. The majority now concludes that jury charges that were never requested by a party are preserved for our review based upon a conversation about the contents of the verdict sheet. I cannot go this far. This conclusion puts an unreasonable burden on trial courts because it opens up any discussion over the verdict sheet into a potentially reversible error with respect to the charge and would be completely contrary to CPLR 4110-b and the well-settled case law requiring specific objections to the charge. Thus, I conclude that this issue was not preserved for our review (*see Strach*, 288 AD2d at 642; *see also Klotz*, 53 AD3d at 978-979).

I also note that the case upon which the majority relies—*Geraci v Probst* (15 NY3d 336)—in support of its conclusion that the issue is preserved for our review is distinguishable. *Geraci* was a libel case and the primary issue on appeal was whether it was error to admit into evidence a republication of defendant Probst's defamatory statement, made years later without his knowledge or participation. The majority quotes *Geraci*, and says that the issue regarding sole proximate cause was "squarely before the court" and that defendant's "arguments were sufficient to alert Supreme Court to the relevant question and sufficiently preserved the legal issue for appellate review" (*id.* at 342). I respectfully submit that the application of the language quoted to the case now before us is strained because it does not apply to preservation of an objection to a jury charge or lack thereof. The language in *Geraci* applied to the court's ruling to admit evidence of the republication of defamatory statements by defendant in a news article. The court concluded that the republication argument was preserved for appellate review because the parties discussed the issue on more than one occasion and the "issue was placed squarely before the court" (*id.*). Thus, the analysis in *Geraci* was with respect to an evidentiary ruling and not a jury charge and is inapplicable here. I further note that, if the majority's use of *Geraci* is taken to its logical conclusion as it is applied here, trial courts will be required to make note of every evidentiary objection during a trial and determine whether a jury charge might flow from these evidentiary objections regardless of whether a party requested a charge on the issue.

I also respectfully disagree with the majority that the charge that the court did give the jury (*see* PJI 2:217) was insufficient to set forth the sole proximate cause defense. The key language in that charge is as follows: "If you conclude that the plaintiff's action was the only substantial factor in bringing about the injury, you will find for the defendant on this issue" (PJI 2:217). This charge is based upon cases such as *Cahill v Triborough Bridge & Tunnel Auth.* (4 NY3d 35) and *Blake v Neighborhood Housing Servs. of N.Y. City* (1 NY3d

280), which were the initial cases to set forth the sole proximate cause defense in Labor Law cases.  The Court of Appeals held that, where a plaintiff's own actions are the sole proximate cause of the accident, there can be no liability (*see Cahill*, 4 NY3d at 39).  Thus, it is clear that PJI 2:217 sets forth the sole proximate cause defense.

I also conclude that the language of this charge did not prevent defendant from making the argument to the jury that plaintiff was the sole proximate cause of his accident.  In fact, defense counsel argued in summation that plaintiff was the sole proximate cause of this accident.  I disagree with the majority that the charge instructed the jury members that they must find for plaintiff and impose liability if they concluded that the ladder was defective, without allowing them to consider whether plaintiff's choice of that ladder could defeat liability.  The court's instruction to the jury that, "[i]f you find that the ladder was not so constructed, placed, operated and/or maintained, as to give proper protection to plaintiff in the performance of the work and that the construction, placement, operation and/or maintenance of the ladder was a substantial factor in causing plaintiff's injury[,] you will find for plaintiff on this issue" did not foreclose a determination that plaintiff's conduct could have been the sole proximate cause.  The majority's focus on this aspect of the charge also ignores that prior to this, the court instructed the jury that, "[i]f you find the ladder being used by the plaintiff was so constructed, placed or operated and/or maintained as to give proper protection to plaintiff[,] you will find for defendant on this issue."  This language sets forth the standard from Labor Law § 240 (1) under which defendant could be held not liable.  Not only did the charge set forth the proper standard under Labor Law § 240 (1), it clearly included sole proximate cause language, which allowed the jury to consider whether plaintiff was the sole cause of the accident.  Finally, if the jury members had concluded, based upon the charge given, that plaintiff was the sole proximate cause of the accident, they would have answered "no" to the questions on the verdict sheet asking if defendant's violation of Labor Law §§ 240 (1) and 241 (6) was a substantial factor in causing the accident.  They did not.  In fact, when asked to apportion responsibility between plaintiff and defendant, they assigned 40% to defendant and 60% to plaintiff.  Based on this apportionment, it is clear the jury did not conclude that plaintiff was the sole proximate cause of the accident.  Thus, I conclude that the charge here is not fundamentally flawed and that the failure to object to the charge at trial precludes our review, and I would therefore affirm the judgment (*see Maurer*, 70 AD3d at 1505; *see also Howlett Farms, Inc. v Fessner*, 78 AD3d 1681, 1682-1683, *lv denied* 17 NY3d 710).

Entered:  May 2, 2014                              Frances E. Cafarell
                                                   Clerk of the Court