Whalen, J.
(dissenting). I respectfully dissent and would affirm the judgment. Initially, I agree with my dissenting colleague and the majority that Supreme Court properly denied plaintiffs motion seeking partial summary judgment on the issue of liability on the Labor Law § 240 (1) claim, and that the court properly denied defendant’s trial motion for judgment as a matter of law pursuant to CPLR 4401. The majority concludes, however, that the court erred in failing to give an expanded sole proximate cause charge to the jury and, as a result of this error, reversal of the judgment and a new trial are required. In order to reach that conclusion, the majority must conclude that defendant preserved a challenge to the jury charge on this issue. I respectfully disagree with the majority’s and my dissenting colleague’s conclusion that defendant preserved a challenge to the sole proximate cause charge. Furthermore, I conclude that, had the issue been preserved, the court’s charge was sufficient on the issue of sole proximate cause.
Defendant contends that the court should have given the jury the recalcitrant worker charge under PJI 2:217.2 or an expanded charge of PJI 2:217, which included a more detailed sole proximate cause defense. Initially, I note that there is a *1395 long line of cases establishing that a party must preserve a challenge to the charge by requesting the instruction at issue and specifically objecting to the charge as given (see CPLR 4017, 4110-b, 5501 [a] [3]; De Long v County of Erie, 60 NY2d 296, 306 [1983]; Maurer v Tops Mkts., LLC [appeal No. 3], 70 AD3d 1504, 1505 [2010]; Fitzpatrick & Weller, Inc. v Miller, 21 AD3d 1374, 1375 [2005]; see also Delong v County of Chautauqua [appeal No. 2], 71 AD3d 1580, 1581 [2010]). CPLR 4110-b specifically states that “any party may file written requests that the court instruct the jury on the law as set forth in the requests ... No party may assign as error the giving or failure to give an instruction unless he objects thereto before the jury retires to consider its verdict stating the matter to which he objects and the grounds of his objection.” It is undisputed, and the majority concedes, that at the time the parties discussed the jury charge, defense counsel did not request the recalcitrant worker charge under PJI 2:217.2 or an expansion of PJI 2:217 to include a more detailed sole proximate cause defense.
The majority concludes, however, that those issues were preserved based upon a discussion between the court and counsel relative to the verdict sheet—a discussion that took place after counsel and the court finished discussing jury charge issues. While addressing questions on the verdict sheet, defendant argued that there should “be a question regarding the sole proximate cause and the plaintiff being the sole proximate cause that is not included.” The court responded, “sole proximate cause I am not going to charge because if the failure to provide it is a substantial factor, . . . plaintiffs [conduct] could not be the sole proximate cause.” Defense counsel responded that “there were options available to [plaintiff] that were provided and he just chose not to use it, that is sole proximate cause and there is, should be a question on it I respectfully submit.” This exchange clearly shows that defense counsel and the court were discussing the verdict sheet and not the jury charge. In fact, defense counsel’s last comment was that there should be a question on the verdict sheet about sole proximate cause. Defense counsel makes no reference to any aspect of the jury charge during this exchange. The majority focuses on the court’s comment “sole proximate cause I am not going to charge” to conclude that defendant preserved objections to the jury charge. The majority improperly takes this comment out of context because, when it is read in conjunction with the entire exchange between the court and defense counsel, it is clear that the court and counsel were discussing a question requested on the verdict sheet and not the jury charge. The majority’s conclusion that this exchange regarding the verdict sheet preserves an objection *1396 to the charge is directly contrary to settled law that an objection to a verdict sheet cannot preserve a challenge to a jury charge (see Strach v Doin, 288 AD2d 640, 642 [2001]). Courts have repeatedly stated that, in the absence of “a clear record articulating [defendant’s] claimed objections to the court’s refusal to charge the jury as requested,” the issue is not preserved (Klotz v Warick, 53 AD3d 976, 979 [2008], lv denied 11 NY3d 712 [2008]; see also Donaldson v County of Erie, 209 AD2d 947, 947-948 [1994]). The result the majority reaches here is untenable because there is no way to conclude, based upon the court’s comment “sole proximate cause I am not going to charge” exactly what issue was preserved. As I previously stated, defense counsel never requested the recalcitrant worker charge under PJI 2:217.2 or an expansion of PJI 2:217 to include a more detailed sole proximate cause defense. The majority now concludes that jury charges that were never requested by a party are preserved for our review based upon a conversation about the contents of the verdict sheet. I cannot go this far. This conclusion puts an unreasonable burden on trial courts because it opens up any discussion over the verdict sheet into a potentially reversible error with respect to the charge and would be completely contrary to CPLR 4110-b and the well-settled case law requiring specific objections to the charge. Thus, I conclude that this issue was not preserved for our review (see Strach, 288 AD2d at 642; see also Klotz, 53 AD3d at 978-979).
I also note that the case upon which the majority relies— Geraci v Probst (15 NY3d 336 [2010])—in support of its conclusion that the issue is preserved for our review is distinguishable. Geraci was a libel case and the primary issue on appeal was whether it was error to admit into evidence a republication of defendant Probst’s defamatory statement, made years later without his knowledge or participation. The majority quotes Geraci, and says that the issue regarding sole proximate cause was “squarely before the court” and that defendant’s “arguments were sufficient to alert Supreme Court to the relevant question and sufficiently preserved the legal issue for appellate review” (id. at 342). I respectfully submit that the application of the language quoted to the case now before us is strained because it does not apply to preservation of an objection to a jury charge or lack thereof. The language in Geraci applied to the court’s ruling to admit evidence of the republication of defamatory statements by defendant in a news article. The court concluded that the republication argument was preserved for appellate review because the parties discussed the issue on more than one occasion and the “issue was placed squarely before the court” (id.). Thus, the analysis in Geraci was with respect to an *1397 evidentiary ruling and not a jury charge and is inapplicable here. I further note that, if the majority’s use of Geraci is taken to its logical conclusion as it is applied here, trial courts will be required to make note of every evidentiary objection during a trial and determine whether a jury charge might flow from these evidentiary objections regardless of whether a party requested a charge on the issue.
I also respectfully disagree with the majority that the charge that the court did give the jury (see PJI 2:217) was insufficient to set forth the sole proximate cause defense. The key language in that charge is as follows: “If you conclude that the plaintiffs action was the only substantial factor in bringing about the injury, you will find for the defendant on this issue” (PJI 2:217). This charge is based upon cases such as Cahill v Triborough Bridge & Tunnel Auth. (4 NY3d 35 [2004]) and Blake v Neighborhood Hous. Servs. of N.Y. City (1 NY3d 280 [2003]), which were the initial cases to set forth the sole proximate cause defense in Labor Law cases. The Court of Appeals held that, where a plaintiffs own actions are the sole proximate cause of the accident, there can be no liability (see Cahill, 4 NY3d at 39). Thus, it is clear that PJI 2:217 sets forth the sole proximate cause defense.
I also conclude that the language of this charge did not prevent defendant from making the argument to the jury that plaintiff was the sole proximate cause of his accident. In fact, defense counsel argued in summation that plaintiff was the sole proximate cause of this accident. I disagree with the majority that the charge instructed the jury members that they must find for plaintiff and impose liability if they concluded that the ladder was defective, without allowing them to consider whether plaintiffs choice of that ladder could defeat liability. The court’s instruction to the jury that, “[i]f you find that the ladder was not so constructed, placed, operated and/or maintained, as to give proper protection to plaintiff in the performance of the work and that the construction, placement, operation and/or maintenance of the ladder was a substantial factor in causing plaintiffs injury[,] you will find for plaintiff on this issue” did not foreclose a determination that plaintiffs conduct could have been the sole proximate cause. The majority’s focus on this aspect of the charge also ignores that prior to this, the court instructed the jury that, “[i]f you find the ladder being used by the plaintiff was so constructed, placed or operated and/or maintained as to give proper protection to plaintiffl,] you will find for defendant on this issue.” This language sets forth the standard from Labor Law § 240 (1) under which defendant could *1398 be held not liable. Not only did the charge set forth the proper standard under Labor Law § 240 (1), it clearly included sole proximate cause language, which allowed the jury to consider whether plaintiff was the sole cause of the accident. Finally, if the jury members had concluded, based upon the charge given, that plaintiff was the sole proximate cause of the accident, they would have answered “no” to the questions on the verdict sheet asking if defendant’s violation of Labor Law §§ 240 (1) and 241 (6) was a substantial factor in causing the accident. They did not. In fact, when asked to apportion responsibility between plaintiff and defendant, they assigned 40% to defendant and 60% to plaintiff. Based on this apportionment, it is clear the jury did not conclude that plaintiff was the sole proximate cause of the accident. Thus, I conclude that the charge here is not fundamentally flawed and that the failure to object to the charge at trial precludes our review, and I would therefore affirm the judgment (see Maurer, 70 AD3d at 1505; see also Howlett Farms, Inc. v Fessner, 78 AD3d 1681, 1682-1683 [2010], lv denied 17 NY3d 710 [2011]).
Present — Centra, J.P., Fahey, Lindley, Sconiers and Whalen, JJ.