On Time Constr., Inc. v 329 E. 58, LLC (2023 NY Slip Op 02388)

On Time Constr., Inc. v 329 E. 58, LLC

2023 NY Slip Op 02388

Decided on May 04, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 04, 2023

Before: Manzanet-Daniels, J.P., Singh, Moulton, Rodriguez, Pitt-Burke, JJ. 

Index No. 654697/17 Appeal No. 189 Case No. 2022-04860 

[*1]On Time Construction, Inc., Plaintiff-Respondent,
v
329 East 58, LLC, et al., Defendants-Appellants.

Law Offices of Andreas Vasilatos, PLLC, Brooklyn (Scott P. Benjamin of counsel), for appellants.
Arnold E. DiJoseph, P.C., New York (Arnold E. DiJoseph, III of counsel), for respondent.

Judgment, Supreme Court, New York County (Alexander Tisch, J.), entered April 14, 2022, after a nonjury trial, in favor of plaintiff and against defendants 329 East 58, LLC and 16 East 116, LLC (together defendants) in the principal sum of $78,730, plus interest at the statutory rate from January 23, 2017, costs and disbursements, unanimously modified, on the law and the facts, to award plaintiff, as against defendant 329 East 58, LLC, the principal sum of $10,380, and, as against defendant 16 East 116, LLC, the principal sum of $68,350, with interest at the statutory rate from January 23, 2017, costs and disbursements, and otherwise affirmed, without costs. The Clerk is directed to enter an amended judgment accordingly.
The trial court did not err in admitting evidence of the parties' contracts or plaintiff's payment ledger. Plaintiff's principal testified that each document was made in the regular course of plaintiff's business and that it was the regular course of plaintiff's business to make them. Thus, the court was entitled to accept the principal's testimony and admit the documents in evidence as business records (CPLR 4518 [a]). All other circumstances of the documents' making, "including lack of personal knowledge by the maker," went to the documents' weight, but not their admissibility (id. ). Additionally, as concerns plaintiff's payment ledger, "summaries or balances of accounts may be produced to prove aggregate profits or receipts without the need to produce those documents which set forth the underlying data. Business summaries have been deemed to be independent from the writings or documents upon which they are drawn" (R & I Elecs. v Neuman , 81 AD2d 832, 833 [2d Dept 1981] [internal citation omitted], lv denied 54 NY2d 605 [1981]; see Vincent C. Alexander, Practice Commentaries, McKinney's Cons Laws of NY, CPLR C4518:4). For this additional reason, the payment ledger also was properly received in evidence.
Based on the testimonial and documentary evidence before it, the trial court's excusal of plaintiff's compliance with a condition precedent to payment or its finding that plaintiff substantially complied with its contractual obligations were not against the weight of the evidence (see generally Northern Westchester Professional Park Assoc. v Town of Bedford , 60 NY2d 492, 499 [1983]; Cohen v Hallmark Cards , 45 NY2d 493, 498 [1978]). The court was entitled to credit plaintiff's principal's testimony that plaintiff could not obtain the necessary signoffs because defendants kept making changes to the scope of plaintiff's work and that plaintiff substantially performed under its contracts, and to discredit defendants' principal's testimony that other contractors had to be retained to complete plaintiff's work and to obtain the necessary signoffs, particularly in the absence of any documentary evidence either to that effect or to dispute the contracts that plaintiff produced and the amounts that plaintiff claimed remained due and owing[*2].
However, the trial court should not have made defendants jointly and severally liable for the entire sum due and owing to plaintiff. Defendant 16 East 116, LLC was not a party to the contract between plaintiff and defendant 329 East 58, LLC, nor was defendant 329 East 58, LLC a party to the contracts between plaintiff and defendant 16 East 116, LLC. The trial court also expressly declined, in its decision after trial, plaintiff's invitation to pierce the corporate veil of any of the defendants to this action (see Matter of Seagroatt Floral Co. [Riccardi] , 78 NY2d 439, 450 [1991]). While all of the parties who induce a breach of contract are jointly and severally liable to the plaintiff (see Hornstein v Podwitz , 254 NY 443, 449 [1930]), nothing in the record indicates that either defendant induced the other's breach of its contract(s) with plaintiff. Accordingly, we modify the judgment to separate the amounts due and owing to plaintiff from each of the defendants.
We have considered defendants' remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 4, 2023