Lazarus Constr. Corp. v Skyline Centro, LLC (2026 NY Slip Op
01877)

Lazarus Constr. Corp. v Skyline Centro, LLC

2026 NY Slip Op 01877

Decided on March 27, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to
revision before publication in the Official Reports.

Decided on March 27, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: MONTOUR, J.P., SMITH, GREENWOOD, NOWAK, AND
HANNAH, JJ.

54 CA 25-00046

[*1]LAZARUS CONSTRUCTION CORP., PLAINTIFF,
vSKYLINE CENTRO, LLC, DEFENDANT-RESPONDENT.
SKYLINE CENTRO, LLC, THIRD-PARTY
PLAINTIFF-RESPONDENT, 
 LAZARUS INDUSTRIES, LLC, THIRD-PARTY DEFENDANT-APPELLANT.

THE SAGE LAW FIRM GROUP PLLC, BUFFALO (KATHRYN FRIEDMAN OF
COUNSEL), FOR THIRD-PARTY DEFENDANT-APPELLANT.
ROSSI & DEMARCO, PLLC, TONAWANDA (NICHOLAS P. DEMARCO
OF COUNSEL), FOR DEFENDANT-RESPONDENT AND THIRD-PARTY
PLAINTIFF-RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Erie County (Emilio Colaiacovo,
J.), entered September 11, 2024, in a breach of contract action. The judgment awarded
defendant-third-party plaintiff money damages against plaintiff and third-party defendant,
jointly and severally. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified
on the law by striking from the decretal paragraph the phrase "and Counterclaim
Defendant, Lazarus Industries, LLC, operating at 382 High Street, Buffalo, New York
14204, jointly and severally" and the phrase "and Lazarus Industries, LLC," and as
modified the judgment is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for, inter alia,
breach of contract based on the failure of defendant-third-party plaintiff (defendant) to
pay plaintiff amounts allegedly due under a construction contract. Defendant
counterclaimed for, inter alia, breach of the contract against plaintiff and asserted, inter
alia, a claim for breach of contract against third-party defendant Lazarus Industries, LLC
(Lazarus Industries). After trial, the jury found that plaintiff breached the contract and
that defendant sustained damages as a result of that breach. The jury also found that
Lazarus Industries breached the contract, but it determined that defendant sustained no
damages as a result of that breach. Lazarus Industries now appeals from an order and
judgment (order) that, inter alia, directs that a judgment be entered in favor of defendant
and against plaintiff and Lazarus Industries, jointly and severally, for breach of the
contract.
As a preliminary matter, we note that the order was subsumed in the final judgment
(see Counsel Fin. II LLC v Bortnick [appeal No. 2], 214 AD3d 1388, 1389 [4th
Dept 2023]) entered shortly after entry of the order, and thus the proper appealable paper
is the judgment, not the order (see CPLR 5501 [a] [1]; 5512 [a];
LPCiminelli, Inc. v JPW Structural Contr., Inc., 217 AD3d 1380,
1380 [4th Dept 2023]; see generally Matter of Aho, 39 NY2d 241, 248 [1976]).
Although Lazarus Industries, by notice of appeal served and filed after entry of the
judgment, has taken an appeal from the order, the appeal "must be deemed taken from the
judgment inasmuch as the appeal is timely, no prejudice has resulted, and the judgment
has been furnished to us" (Tomaselli v Malagese, 242 AD3d 1562, 1563 [4th Dept
2025]).
Lazarus Industries contends that the judgment erroneously states that Lazarus
Industries is jointly and severally liable with plaintiff and that it should be modified to
conform to the jury verdict. We agree, and we therefore modify the judgment accordingly.
To establish liability against Lazarus Industries for breach of contract, defendant had to
establish the existence of a contract, defendant's performance pursuant to the contract, a
breach by Lazarus Industries of its contractual obligations, and damages resulting from
the breach (see Marinaccio v
Town of Clarence, 215 AD3d 1289, 1290 [4th Dept 2023]; see generally
Howlett Farms, Inc. v
Fessner, 78 AD3d 1681, 1683 [4th Dept 2010], lv denied 17 NY3d 710
[2011]). Here, the jury determined that Lazarus Industries was not liable for its breach of
contractual obligations inasmuch as defendant failed to establish the damages element.
We conclude therefore that Supreme Court erred in entering the judgment against Lazarus
Industries (see generally Howlett Farms, Inc., 78 AD3d at 1683).
Moreover, the court erred in holding Lazarus Industries jointly and severally liable with
plaintiff for the damages due and owing to defendant (see generally On Time
Constr., Inc. v 329 E. 58, LLC, 216 AD3d 431, 433 [1st Dept 2023]).
Although all parties who induce a breach of contract are jointly and severally liable for
the breach (see Hornstein v Podwitz, 254 NY 443, 449 [1930]), defendant did not
allege that Lazarus Industries induced plaintiff's breach of contract, the court did not
instruct the jury on such a charge, the jury was never presented with that interrogatory,
and the court did not offer any other rationale for imposing joint and several liability
(see generally Perfectly Reliable Constr., Inc. v 21 E. 26, LLC,
216 AD3d 580, 582 [1st Dept 2023]).
In light of our determination, we do not address Lazarus Industries's remaining
contentions.
Entered: March 27, 2026
Ann Dillon Flynn
Clerk of the Court